# EXHIBIT F

# Michael Allen

| | |
|---|---|
| **From:** | Stowers, Renaldo <Renaldo.Stowers@untsystem.edu> |
| **Sent:** | Wednesday, October 14, 2020 7:47 PM |
| **To:** | Michael Allen |
| **Subject:** | Dr. Timothy Jackson |

Michael,

I don't know why you were unable to get me yesterday as I was in the office all day. If you have trouble reaching me in the future, please call 940.565.2717 and someone on our staff will transfer you or ensure I get your message.

In regard to your question, I do not have any way of knowing the content or source(s) of the documents Dr. Jackson wants to disclose or to whom he wishes to disclose them.  I also am not aware that he has provided a copy to the documents to any university official.  Therefore, I am cannot authorize or ask my client to authorize Dr. Jackson to disclose official university or student education records outside the university without the students written and signed consent.  I can inform you that university policy and FERPA prohibit Dr. Jackson from disclosing student's education records except as authorized by law.

As far as disclosing confidential education records within the university, as I'm sure you are aware given your time as a university faculty member, Dr. Jackson can disclose personally identifiable information from student education records to other university officials when those individuals have a legitimate educational interest in the information. Department of Education guidance provides that a university official "generally has a legitimate educational interest if the official needs to review an education record in order to fulfill his or her professional responsibility."   See https://www2.ed.gov/policy/gen/guid/fpco/ferpa/students.html. Again, I do not know the content of the records you are referencing and therefore cannot authorize or ask my client to authorize him to disclose them without the student's written and signed consent. That said, should Dr. Jackson wish to provide the review committee information that relates to the committee's charge (as it has been articulated to him and not as you and he have mistakenly characterized it) he is welcome to provide the information to the committee. I presume you will advise him concerning the information that reasonably relates to the committee's stated charge.

In regard to disclosing confidential education records outside the university, UNT does not agree with your and Dr. Jackson's belief that he is "entitled to use student records," in public or otherwise, to defend himself or the university in traditional or social media simply because he believes a student has placed his or her education record in issue.  Based on Dr. Jackson's citation to the undated (and old) letter to Cornell University in support of this contention, I presume you and he are interpreting 34 CFR 99.31(a)(9)(iii)(B), which allows an "*institution*" to disclose personally identifiable information from a student's education records to the court if the student "*initiate[s] legal action against…[the] institution*."  This exception is narrow and does not apply in this instance. First, this provision does not authorize an individual faculty member to disclose student education records without the student's signed consent, nor does it make an individual faculty member an agent of the institution for this purpose. Second, Dr. Jackson does not represent that a student has initiated legal action against the university (or him) and the university is not aware of such an action.

To ensure there is no confusion, Dr. Jackson is not authorized to disclose information from any UNT student's education record externally or internally under the exception you and he mention, nor is he authorized to act

1

on behalf of the university in relation any legal action he believes a student may have initiated against UNT regarding this matter. I represent to you that the university is not aware of any such action and would appreciate you letting me know if you are aware of  any. I presume you will advise Dr. Jackson appropriately regarding the possible consequences of him disclosing confidential student information (outside the course and scope of his employment (individual capacity), and the actions he can take as a private individual if he believes he has a cause of action for defamation.

As far as Dr. Jackson's request to initiate a grievance, both you and he have been directed to the faculty grievance policy and the provost has informed him what he should do if he legitimately believes he has one. The university and I also have responded to your and Dr. Jackson's inquiries concerning the policies and rules under which the review committee is operating.

Finally, your transparent mischaracterizations of the university's review of the production of volume 12 of the journal does not change the facts that UNT is not ignoring policy, is not breaching Dr. Jackson's contract, and is not violating academic freedom or his First Amendment rights. In fact, your repeated mischaracterizations will not fabricate any causes of action and belie any sincere intent on your part to look for an "alternate, clear path forward" as any such path requires a mutual respect for the facts and the truth. While I sincerely believe the path the university is taking is both legal and appropriate, I am happy to discuss this matter with you if the discussion can be based on facts.  I see no benefit in engaging in a discussion or further correspondence about how the law might apply to fictions.

I believe you will be on the video conference with Dr. Jackson Friday. I look forward to seeing you at that time if we do not talk before then.

Have a good evening.

**Renaldo L. Stowers**
*Senior Associate General Counsel*
*Office of General Counsel*
_____
**UNIVERSITY OF NORTH TEXAS SYSTEM**
1155 Union Circle #310907 • Denton, Texas 76203
Office: 940.565.2717 • Fax: 940.369.7026
www.untsystem.edu

---

**From:** Michael Allen <m.allen@allen-lawfirm.com>
**Sent:** Wednesday, October 14, 2020 6:55 AM
**To:** Stowers, Renaldo <Renaldo.Stowers@untsystem.edu>
**Subject:** [EXT] Timothy Jackson's harassment

Dear Renaldo,

I tried calling your office yesterday but failed to reach you.  My client has reached out Provost Cowley to request the position of the UNT on his disclosure of internal correspondence of the Journal of Schenkerian Studies in order to defend himself from accusations in the media as well as on social media which have now transitioned from the mere irrational to express defamatory, false statements subject to disproof through the correspondence of the editorial staff.

Mr. Jackson will provide this correspondence to the Ad Hoc committee that has been set up and which continues to harass the Journal due to its publication of unpopular viewpoints critical of so-called "critical race theory" in Volume 12.  Some of this correspondence is between a graduate student editor of the journal, and thus potentially counts as protected information under FERPA.  However, as explained in the attached letter Mr. Jackson sent to Provost Cowley, only to have it ignored and the issue evaded (see Provost Cowley's response), Professor Jackson is entitled to use student records, even in public, where the student placed the records at issue, such as by making defamatory statements adverse to the university and to Professor Jackson.

Can you please let me know if the university objects to Professor Jackson's use of these records to defend himself both within the university, where I cannot conceive that any FERPA issue arises, as well as outside the university?  Perhaps the university can also raise the issue of the defamatory content of these documents with the student directly, Mr. Levi Walls, whose unfortunate buckling under pressure, given UNT's condoning of the irrational social media mob attempting to police free and open academic discourse surrounding this issue, is as lamentable as it is understandable.  Professor Jackson has no desire to expose Mr. Walls and wishes to keep Mr. Walls name protected from unnecessary scrutiny.  However, there can be no justification for defamation, and even less university protected and sanctioned defamation and harassment.

In addition, Professor Jackson has renewed his request that UNT initiate a grievance procedure due to his, Center for Schenkerian Studies, and the journal's harassment by UNT's administration.  This is a clear violation of UNT policies guaranteeing academic freedom and first amendment rights, for which UNT is attracting negative attention in the national press.  It is my understanding that UNT and, in particular, Provost Cowley, Dean Richmond, and Department Chair Brand continue to ignore UNT policy and breach contract by not only violating these rights through the prosecution of the so-called "ad hoc" (i.e. without any foundation in the rules or policies of the university) journal review panel investigating Professor Jackson and the journal, but also by refusing to initiate grievance proceedings to vindicate Professor Jackson's rights.

There seems an alternative, clear path forward in which UNT could distinguish itself nationally as an institution willing to stand up for academic freedom and open scholarly discourse rather than condoning the kind of social media character assassination and the vituperation of graduate students and faculty focused on Professor Jackson, the center, and the journal, which have distinguished UNT for decades.

Finally, Professor Jackson has repeatedly requested that UNT and its so called "Ad Hoc Journal Review Panel" indicate what UNT policies and rules are being used as standards for evaluation.  So far, none have been identified.  Can you please indicate what rules or policies are being applied here?

Thank you for your attention to this matter.  Please call me if you would like to discuss.

Mike

**Michael Thad Allen, J.D., Ph.D.**
**TEL: (860) 772-4738 | FAX: (860) 469-2783 | Check Out Our Website:** allen-lawfirm.com
Allen Law LLC
PO Box 404
Quaker Hill, CT  06375
m.allen@allen-lawfirm.com