# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| TIMOTHY JACKSON, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 4:21-cv-00033 |
| | § | |
| LAURA WRIGHT, et. al., | § | |
| *Defendants*. | § | |

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S DISCOVERY MOTION [DKT. #7]

Defendants file this response in opposition to Plaintiff's Motion for Expedited Discovery or, in the Alternative, Petition to Conduct Depositions to Perpetuate Testimony (the "Discovery Motion") [Dkt. #7]. Plaintiff seeks expedited discovery "to identify unknown defendants who have defamed him" in addition to the eighteen defendants he has already sued alleging defamation. Dkt. #7 at 1. In Plaintiff's view, Court intervention to expedite discovery is "urgent" so that he can determine "what was said about him and by whom before the statute of limitations [for his defamation claims] expires on July 27, 2021. Dkt. #7 at 6, 8. Plaintiff argues that the statute of limitations "will almost certainly run before discovery commences in this case." *Id.* at 1. Plaintiff's argument is meritless.

Plaintiff has not met his burden to show "good cause" exists for expediting discovery. *See, St. Louis Grp., Inc. v. Metals & Additives Corp., Inc.* 275 F.R.D. 236, 240 (S.D. Tex. 2011). Indeed, the Court has already ordered the parties to conduct a Rule 26(f) conference by April 22, 2021, *see* Dkt. #14, and Plaintiff does not argue that he needs to seek discovery before that date. *Cf.* Fed. R.

Civ. P. 26(d)(1) (discovery prohibited until Rule 26(f) conference occurs absent court order); *Huawei Technologies Co. Ltd. v. Yiren Huang*, No. 4:17-CV-893, 2018 WL 10127426, at *2 (E.D. Tex. April 4, 2018) (a motion to expedite discovery is moot once parties hold a Rule 26(f) conference). Plaintiff's claim of urgency is illusory as he does not argue that he needs to expedite discovery in the next two weeks. Plaintiff's motion to expedite discovery should be denied.

Likewise, Plaintiff's request pursuant to Rule 27 for depositions to perpetuate testimony fails. For the reasons discussed above, there is no plausible argument that granting relief pursuant to Rule 27 "may prevent a failure or delay of justice." Fed. R. Civ. P 27(a)(3). Further, Plaintiff's request is procedurally flawed because, among other reasons, he improperly invokes Rule 27 in a motion in pending litigation instead of as stand-alone petition with proper notice and hearing. *Shore v. Acands, Inc.*, 644 F.2d 386 (5th Cir. 1981) ("The short answer is that Rule 27(a) is to be invoked prior to the commencement of an action. Here, Shore already had commenced his action a month earlier."); Fed. R. Civ. P 27(a)(2) (requiring service "on each expected adverse party" 21 days before a hearing on the petition). And courts generally agree that it would be "an abuse of the rule" to enable a person to use Rule 27 "to fish for some grounds for bringing suit." *In re Landry-Bell*, 232 F.R.D. 266, 267 (W.D. La. 2005). That is why the rule "may not be used as a method of discovery to determine whether a cause of action exists; and, if so, against whom action should be instituted." *Lucas v. Judge Advoc. Gen., Naval Crim. Investigative Servs.*, 245 F.R.D. 8, 9 (D.D.C. 2007) (internal quotations omitted), *aff'd*, 279 F. App'x 11 (D.C. Cir. 2008). Plaintiff's Rule 27 request lacks merit and should be denied.

2

Defendants respectfully request that the Court deny in full the relief sought in Plaintiff's Discovery Motion [Dkt. 7].

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

SHAWN COWLES
Deputy Attorney General for Civil Litigation

THOMAS A. ALBRIGHT
Chief, General Litigation Division

*/s/ Matthew Bohuslav*
MATTHEW BOHUSLAV
Texas Bar No. 24069395
Assistant Attorney General
Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Phone: 512-463-2120
Fax: 512-320-0667
matthew.bohuslav@oag.texas.gov
***Attorneys for Defendants***

3

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of April, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which automatically provided notice to the following CM/ECF participants:

Jonathan F. Mitchell
Mitchell Law, PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
jonathan@mitchell.law

Michael Thad Allen, Esq.
Allen Law, LLC
PO BOX 404
Quaker Hill, CT 06375
m.allen@allen-lawfirm.com
***Attorneys for Plaintiff***

                                              */s/ Matthew Bohuslav*
                                              MATTHEW BOHUSLAV
                                              Assistant Attorney General