IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| TIMOTHY JACKSON, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 4:21-cv-00033 |
| | § | |
| LAURA WRIGHT, et. al., | § | |
| *Defendants*. | § | |

**DEFENDANTS' OPPOSED MOTION TO STAY DISCOVERY**

TO THE HONORABLE JUDGE AMOS L. MAZZANT:

Defendants ask this Court to stay discovery pending resolution of their motion to dismiss that raises, among other things, jurisdictional bars including sovereign immunity from suit. *See* ECF No. 8 (Motion to Dismiss). As an immunity from suit, not merely from liability, sovereign immunity protects the Board Defendants[1] from the burden of litigation itself, including the burden imposed by discovery. Under Fifth Circuit precedent, the Court must first determine that Plaintiff's pleadings have asserted facts that, if true, would overcome the Board Defendants' immunity from suit *before* issuing a discovery order narrowly tailored to uncover those facts. Because Plaintiff pleads no facts to overcome the Board Defendants' sovereign immunity, discovery is improper and must be stayed. The Court should also exercise its discretion to stay discovery against the Defamation Defendants.[2] The strength of the Defamation Defendants'

---

[1] The Board Defendants are Laura Wright, Milton B. Lee, Melisa Denis, Mary Denny, Daniel Feehan, A.K. Mago, Carlos Munguia, and G. Brint Ryan, each in their official capacities as members of the Board of Regents for the University of North Texas ("UNT") System.

[2] The Defamation Defendants are Rachel Gain; Ellen Bakulina; Andrew Chung; Diego

motion to dismiss—including their challenge to the Court's jurisdiction to entertain Plaintiff's claims against them—weighs in favor of a stay. Further, a stay of all discovery is proper to prevent the Court from having to police discovery that purports to be aimed at the Defamation Defendants but invades the sovereign interests of the Board Defendants' and other UNT officials not named as defendants but entitled to immunity from suit and protection from the burden of discovery.

I. **ARGUMENTS AND AUTHORITIES**

District courts have discretion to stay discovery "for good cause shown." FED. R. CIV. P. 26(c)(1); *accord Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 (5th Cir. 1990); *see generally Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). It is proper for a court to defer discovery until it has determined threshold jurisdictional matters that may dispose of the case. *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987); *Laufer v. Patel*, No. 1:20-CV-631-RP, 2021 WL 327704, at *2 (W.D. Tex. Feb. 1, 2021). Relevant factors that inform the court's discretion are: "(1) the breadth of discovery sought; (2) the burden of responding to such discovery; and (3) the strength of the dispositive motion filed by the party seeking a stay." *Von Drake v. Nat'l Broad. Co.*, No. 3:04-cv-652-R, 2004 WL 1144142, at *1 (N.D. Tex. May 20, 2004).

---

Cubero; Steven Friedson; Rebecca Dowd Geoffroy-Schwinden; Benjamin Graf; Frank Heidlberger; Bernardo Illari; Justin Lavacek; Peter Mondelli; Margaret Notley; April L. Prince; Cathy Ragland; Gillian Robertson; Hendrik Schulze; Vivek Virani; and Brian F. Wright.

Sovereign immunity (or Eleventh Amendment immunity)[3] is a jurisdictional bar that presents a threshold issue that must be resolved before discovery can proceed. "The Supreme Court has emphasized the importance of quickly resolving Eleventh Amendment claims because 'the value to the States of their Eleventh Amendment immunity . . . is for the most part lost as litigation proceeds past motion practice.'" *McCarthy ex. Rel. Travis v. Hawkins*, 381 F.3d 407, 420 (5th Cir. 2004) (citing *Puerto Rico Aqueduct & Sewer Auth. Metcalf & Eddy, Inc.*, 506 U.S. 139, 145 (1993)). Indeed, "until resolution of the threshold question of the application of an immunity defense, discovery should not be allowed." *Nieto v. San Perlita Indep. Sch. Dist.*, 894 F.2d 174, 177 (5th Cir. 1990) (quotation omitted); *see also Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 383 (5th Cir. 1987) (stating that district court acted properly in staying discovery pending resolution of issues of absolute, qualified, and sovereign immunity).

A "trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined," *Petrus*, 833 F.2d at 583, and a motion to dismiss based on immunity from suit provides a unique context for staying discovery. In this context, it is an abuse of discretion when a district court does *not* limit discovery. *Patel v. Texas Tech. Univ.*, 727 F. App'x 94, 94–95 (5th Cir. 2018). One of the most "salient benefits" of immunity from suit is "protection from pretrial discovery, which is costly, time-consuming, and intrusive." *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012). A district court must first find that

---

[3] Although often referred to as "Eleventh Amendment immunity" as a convenient shorthand, the phrase is "something of a misnomer, for the sovereign immunity of the States neither derives from, nor is limited by, the terms of the Eleventh Amendment." *Alden v. Maine*, 527 U.S. 706, 713 (1999).

a plaintiff's pleadings assert facts which, if true, would overcome an asserted immunity defense. "*After* the district court finds a plaintiff has so pled, if the court remains 'unable to rule on the immunity defense without further clarification of the facts,' it may issue a discovery order 'narrowly tailored to uncover only those facts needed to rule on the immunity claim." *Id.* at 648 (quoting *Lion Boulos v. Wilson*, 834 F.2d 504, 507–08 (5th Cir. 1987) (emphasis in original)).

As set forth in the Board Defendants' motion to dismiss, ECF No. 8 at 13-19, Plaintiff lacks standing to sue the Board Defendants and sovereign immunity bars his claims against them. He alleges only past injuries—not ongoing or imminent injuries—traceable to, and redressable by the Board Defendants. Similarly, he pleads no ongoing violation of federal law committed by the Board Defendants that would bring his claim within the *Ex Parte Young* exception of sovereign immunity. Discovery against the Board Defendants must be stayed. *Petrus*, 833 F.2d at 583 (appropriate to stay discovery pending resolution of issue the of standing); *Laufer*; No. 1:20-CV-631-RP, 2021 WL 327704, at *2 (same); *Williamson*; 815 F.2d at 383 (proper to stay discovery pending resolution of issues of absolute, qualified, and sovereign immunity).

While the Defamation Defendants do not currently raise an immunity defense, the Court should also stay discovery against them. If the federal claims against the Board Defendants are dismissed, then the Court certainly lacks a basis to exercise supplemental jurisdiction over the remaining claims against the Defamation Defendants. ECF No. 18 at 21-22. That "preliminary question[]" of jurisdiction should be resolved before discovery is permitted in this case. *Petrus*, 833 F.2d at 583. Further, the strength of the Defamation Defendants' argument that they engaged in speech constitutionally protected from defamation liability under Texas law is a question of law

4

requiring no discovery that is likely to dispose of the claims against them in their entirety. *See id.* at 23–27. Further, splitting the baby and requiring discovery to proceed only against the Defamation Defendants would be impractical. The Court would likely be asked to police discovery requests that purport to be aimed at the Defamation Defendants but in fact invade the sovereign interests of the Board Defendants and other UNT officials not named in this lawsuit but who are entitled to immunity from suit and protection from the burdens of discovery.

Finally, any argument by Plaintiff that he needs discovery prior to the resolution of Defendants' motions to dismiss is meritless. Plaintiff has suggested he needs immediate discovery to ascertain the possibility of additional defamation claims prior to the expiration of the statute of limitations at the end of July 2021. ECF No. 7 (Motion for Expedited Discovery). But Plaintiff's desire to fish for new claims that are not now part of this case is not a compelling justification for immediate discovery. Moreover, there is no indication that Defendants' motions to dismiss will remain pending by the end of July 2021. Finally, even if it were proper to use discovery in this case to fish for new claims against nonparties, any alleged time crunch caused by the statute of limitations is of Plaintiff's own making because he waited nearly six months to file suit after having knowledge of all the facts he now alleges warrant immediate discovery.

## II. PRAYER

For all these reasons Defendants respectfully ask the Court to grant their motion to stay discovery.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

SHAWN COWLES
Deputy Attorney General for Civil Litigation

THOMAS A. ALBRIGHT
Chief, General Litigation Division

*/s/ Matthew Bohuslav*
MATTHEW BOHUSLAV
Texas Bar No. 24069395
Assistant Attorney General
Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Phone: 512-463-2120
Fax: 512-320-0667
matthew.bohuslav@oag.texas.gov
***Attorneys for Defendants***

## CERTIFICATE OF CONFERENCE

I certify that I have complied with the meet and confer requirement in Local Rule CV-7(h) and Plaintiff opposes the relief requested herein. On April 14, 2021, the parties held their Rule 26(f) conference telephonically and I conferred with Plaintiff's counsel Jonathan F. Mitchell and Michael Thad Allen regarding Defendants' motion to stay discovery and motion for protective order. Plaintiff's counsel did not believe a stay was warranted for the reasons set forth in their response to Defendants' motion to dismiss. They also reiterated Plaintiff's desire to conduct discovery to uncover new defamation claims and defendants before the expiration of the statute of limitations. The discussions have conclusively ended in an impasse, leaving an open issue for the court to resolve.

*/s/ Matthew Bohuslav*
MATTHEW BOHUSLAV
Assistant Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of April, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which automatically provided notice to the following CM/ECF participants:

Jonathan F. Mitchell
Mitchell Law, PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
jonathan@mitchell.law

Michael Thad Allen, Esq.
Allen Law, LLC
PO BOX 404
Quaker Hill, CT 06375
m.allen@allen-lawfirm.com
***Attorneys for Plaintiff***

*/s/ Matthew Bohuslav*
MATTHEW BOHUSLAV
Assistant Attorney General