# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| TIMOTHY JACKSON, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 4:21-cv-00033 |
| | § | |
| LAURA WRIGHT, et. al., | § | |
| *Defendants*. | § | |

## DEFENDANTS' OPPOSED MOTION FOR PROTECTIVE ORDER

TO THE HONORABLE JUDGE AMOS L. MAZZANT:

For the reasons set forth in Defendants' Opposed Motion to Stay Discovery, which Defendants incorporate herein by reference, Defendants move for a protective order from Discovery propounded by Plaintiff. Defendants have filed a motion to dismiss that raises, among other things, jurisdictional bars including sovereign immunity from suit. *See* ECF No. 8 (Motion to Dismiss). As an immunity from suit, not merely from liability, sovereign immunity protects the Board Defendants[1] from the burden of litigation itself, including the burden imposed by discovery. Under Fifth Circuit precedent, the Court must first determine that Plaintiff's pleadings have asserted facts that, if true, would overcome the Board Defendants' immunity from suit *before* issuing a discovery order narrowly tailored to uncover those facts. Because Plaintiff pleads no facts to overcome the Board Defendants' sovereign immunity, discovery is improper and must be

---

[1] The Board Defendants are Laura Wright, Milton B. Lee, Melisa Denis, Mary Denny, Daniel Feehan, A.K. Mago, Carlos Munguia, and G. Brint Ryan, each in their official capacities as members of the Board of Regents for the University of North Texas ("UNT") System.

stayed. The Court should also exercise its discretion to stay discovery against the Defamation Defendants.[2] The strength of the Defamation Defendants' motion to dismiss—including their challenge to the Court's jurisdiction to entertain Plaintiff's claims against them—weighs in favor of a stay. Further, a stay of all discovery is proper to prevent the Court from having to police discovery that purports to be aimed at the Defamation Defendants but invades the sovereign interests of the Board Defendants' and other UNT officials not named as defendants but entitled to immunity from suit and protection from the burden of discovery. Plaintiff has already served Defendants with broad requests for production, *See* Ex. A.

Defendants respectfully ask the Court to issue a protective order alleviating them from their obligation to respond to any discovery requests until no sooner than 30 days after the Court rules on Defendants' motions to dismiss (should the Court not grant the motions in their entirety).[3]

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

SHAWN COWLES
Deputy Attorney General for Civil Litigation

---

[2] The Defamation Defendants are Rachel Gain; Ellen Bakulina; Andrew Chung; Diego Cubero; Steven Friedson; Rebecca Dowd Geoffroy-Schwinden; Benjamin Graf; Frank Heidlberger; Bernardo Illari; Justin Lavacek; Peter Mondelli; Margaret Notley; April L. Prince; Cathy Ragland; Gillian Robertson; Hendrik Schulze; Vivek Virani; and Brian F. Wright.

[3] The deadline for Defendants to respond to Plaintiff's request is May 14, 2021, which is 30 days from the date on which the parties conferred pursuant to Rule 26(f) on April 14, 2021.

2

THOMAS A. ALBRIGHT
Chief, General Litigation Division

*/s/ Matthew Bohuslav*
MATTHEW BOHUSLAV
Texas Bar No. 24069395
Assistant Attorney General
Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Phone: 512-463-2120
Fax: 512-320-0667
matthew.bohuslav@oag.texas.gov
***Attorneys for Defendants***

## CERTIFICATE OF CONFERENCE

I certify that I have complied with the meet and confer requirement in Local Rule CV-7(h) and Plaintiff opposes the relief requested herein. On April 14, 2021, the parties held their Rule 26(f) conference telephonically and I conferred with Plaintiff's counsel Jonathan F. Mitchell and Michael Thad Allen regarding Defendants' motion to stay discovery and motion for protective order. Plaintiff's counsel did not believe a stay was warranted for the reasons set forth in their response to Defendants' motion to dismiss. They also reiterated Plaintiff's desire to conduct discovery to uncover new defamation claims and defendants before the expiration of the statute of limitations. The discussions have conclusively ended in an impasse, leaving an open issue for the court to resolve.

*/s/ Matthew Bohuslav*
MATTHEW BOHUSLAV
Assistant Attorney General

## CERTIFICATE OF SERVICE

      I hereby certify that on the 15th day of April, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which automatically provided notice to the following CM/ECF participants:

Jonathan F. Mitchell
Mitchell Law, PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
jonathan@mitchell.law

Michael Thad Allen, Esq.
Allen Law, LLC
PO BOX 404
Quaker Hill, CT 06375
m.allen@allen-lawfirm.com
*Attorneys for Plaintiff*

                                            */s/ Matthew Bohuslav*
                                            MATTHEW BOHUSLAV
                                            Assistant Attorney General