UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **Timothy Jackson**, <br><br> Plaintiff, <br><br> v. <br><br> **Laura Wright**, **Milton B. Lee**, **Melisa Denis**, **Mary Denny**, **Daniel Feehan**, **A.K. Mago**, **Carlos Munguia**, and **G. Brint Ryan**, each in their official capacities as members of the Board of Regents for the University of North Texas System; **Rachel Gain**; **Ellen Bakulina**; **Andrew Chung**; **Diego Cubero**; **Steven Friedson**; **Rebecca Dowd Geoffroy-Schwinden**; **Benjamin Graf**; **Frank Heidlberger**; **Bernardo Illari**; **Justin Lavacek**; **Peter Mondelli**; **Margaret Notley**; **April L. Prince**; **Cathy Ragland**; **Gillian Robertson**; **Hendrik Schulze**; **Vivek Virani**; and **Brian F. Wright**, Defendants. | Case No. 4:21-cv-00033-ALM |

**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION**

Plaintiff serves this First Set of Requests for Production in accordance with Fed. R. Civ. P. 34 and the Court's Order Governing Proceedings dated April 1, 2021. Dk#14. These Requests are not considered served until the parties' Rule 26(f) conference has occurred in compliance with that Order, and Defendants' response is therefore required within 30 days of the parties' Rule 26(f) conference and in compliance with Fed. R. Civ. P. 34(2)(A).



1

**I.     INSTRUCTIONS**

1. Pursuant to Fed. R. Civ. P. 26(e), these requests are continuing in nature, and you are required to supplement your responses to correct any incomplete or incorrect answer based on information you may become aware of after the time of your initial response up to an including the time of trial.

2. Produce all documents, information, and things in reasonably usable form as provided in Fed. R. Civ. P. 34(a)(1)(A), including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by Syracuse into a reasonably usable form.

3. In answering or objecting to interrogatories, requests for admission, or requests to produce or inspect, first state verbatim the propounded interrogatory or request and immediately thereafter the answer or objection as provided in Northern District Local Rue 26.1.

4. Respond to these requests based on information and documents in your possession, custody, or control, including but not limited to documents and information in the possession, custody, or control of your agents, affiliates, subsidiaries, or subcontractors, its present or former attorneys, accountants, directors, officers, partners, trustees, employees, other representatives, and independent contractors over which or whom Syracuse has or had control, and any other persons acting on Syracuse's behalf.

5. Should you object to the production of information, documents, or tangible things in response to these requests, expressly state the basis of your objection

to each request to production and produce so much of the information, documents, or tangible things to which your objection does not apply, redacting those portions which you claim are objectionable, and producing a privilege log that identifies:

    a. type of documents, communication, or tangible thing not produced or disclosed;

    b. the privilege asserted;

    c. the general subject matter of the document, communication, or thing

    d. its date; and

    e. its author(s);

    f. its recipient(s); and

    g. where not apparent, the relationship of the author, addressees, and recipients to each other, including but not limited to their titles and positions of employment with Defendants.

6. If you claim work-product privilege, identify the litigation for which the alleged work product was prepared.

7. If any document to be produced has been lost, discarded, transferred to another person or entity, destroyed, or otherwise disposed of, please set forth in writing:

    a. the date, name and subject matter of the document;

    b. the name, employment and title of each person who prepared, received, reviewed, or had custody, possession, or control of the document;

    c. all persons with knowledge of the contents or any portion of the contents of the document;

    d. the previous location of the document;

    e. the date of disposal or transfer of the document;

  f. the reason for disposal or transfer of the document; and, if applicable,

  g. the manner of disposal of the document; or, if applicable,

  h. the names and addresses of the transferees of the document.

8. For the convenience of the parties and to reduce production costs, please produce all Documents which exist only in hardcopy, i.e., not in electronic format, in an electronic format such as a *.PDF format or equivalent.

9. Generalized reference to categories of documents is the equivalent of no response at all. In response to each request, please specifically reference which Bates numbered pages are responsive to that request. Indicate expressly if no documents are responsive and indicate expressly if you are not responding to a request or any portion therein.

10. Unless otherwise stated, the time period relevant for these Requests is June 1, 2022 present.

## II. DEFINITIONS

1. Plaintiff means Timothy Jackson, Plaintiff in the above-caption case.

2. Defamation Defendants means Rachel Gain Ellen Bakulina; Andrew Chung; Diego Cubero; Steven Friedson; Rebecca Dowd Geoffroy-Schwinden; Benjamin Graf; Frank Heidlberger; Bernardo Illari; Justin Lavacek; Peter Mondelli; Margaret Notley; April L. Prince; Cathy Ragland; Gillian Robertson; Hendrik Schulze; Vivek Virani; and Brian F. Wright as named in the above-caption case.

3. Regents Defendants means Laura Wright, Milton B. Lee, Melisa Denis, Mary Denny, Daniel Feehan, A.K. Mago, Carlos Munguia, and G. Brint Ryan, each in

4

their official capacities as members of the Board of Regents for the University of North Texas System.

    4.    UNT means the University of North Texas System, including its agents, individual campuses, affiliates, subsidiaries, or subcontractors, its present or former attorneys, accountants, directors, officers, partners, trustees, employees, students, representatives, and independent contractors over which or whom UNT has or had control, and any other persons acting on UNT's behalf, including the other named Defendant in the above-caption case.

    5.    You means any Defendants in the above-captioned case or UNT, whichever brings into the scope of a given Request documents that would otherwise be outside the scope of a request if otherwise construed.

    6.    "Ad Hoc Panel" shall mean the committee convened outside the normal procedures and policies of UNT to investigate Timothy Jackson and the Journal and which issued the report dated November 25, 2020, which UNT published to its website, identified as **Exhibit D**, Dk#1-5.

    7.    Journal means the Journal of Schenkerian Studies.

    8.    Center means the Center for Schenkerian Studies.

**III.  REQUESTS**

    1.    All documents concerning the "Ad Hoc Panel," including but not limited to transcripts or recordings of interviews or other correspondence with witnesses or administrators concerning the alleged work of the "Ad Hoc Panel."

5

2. All articles or other academic scholarship published by any member of the "Ad Hoc Panel," as either author, co-author, or as editor of any Journal that was published without being subjected to peer review.

3. All documents of the University of North Texas Press or UNT indicating that academic publications, including any academic journal, must adhere to policies, rules, procedures, or guidelines set forth in *A Short Guide to Ethical Editing for New Editors* of the Council for Publication Ethics or any other policies or publications of the Council for Publication Ethics.

4. All documents of Provost Jennifer Cowley concerning the "Ad Hoc Panel," Timothy Jackson, the Journal, or Center.

5. All documents concerning correspondence with any member or officer of the Society for Music Theory.

6. All documents concerning communications with Philip Ewell.

7. All correspondence between Levi Walls and Benjamin Brand concerning Timothy Jackson from **November 2019 to present**, including but not limited to any alleged efforts at "whistleblowing" related to the Journal or Center, or related to allegedly racist actions or behaviors of Timothy Jackson.

8. **Not limited to June 1, 2020 to present**, all documents identifying or concerning any alleged actions or behaviors of Timothy Jackson that you identify as "racist."

9. All documents in the possession, custody, or control of each Defamation Defendant, including those disseminated through social media of any kind or private, non-UNT email, text message, direct message, or other communications platform,

6

concerning communications or statements made or received concerning Timothy Jackson, the Center, or the Journal.

10. All documents in the possession, custody, or control of Dean John Richmond, including those disseminated through social media of any kind or private, non-UNT email, text message, direct message, or other communications platform, concerning communications or statements made or received concerning Timothy Jackson, the Center, or the Journal.

11. All documents in the possession, custody, or control of Chair Benjamin Brand, including those disseminated through social media of any kind or private, non-UNT email, text message, direct message, or other communications platform, concerning communications or statements made or received concerning Timothy Jackson, the Center, or the Journal.

12. All drafts or versions of petitions or open letters as referred to by Frank Heidlberger, as set forth in **Exhibit 1**, Dk#7-2, whether or not submitted to any administrative official or faculty member of UNT or otherwise published, including a list of all signatories to any such document.

13. All drafts or versions of petitions or open letters as referred to by Peter Kohanski, as set forth in **Exhibit 2**, Dk#7-3, whether or not submitted to any administrative official or faculty member of UNT or otherwise published, including a list of all signatories to any such document.

Date: April 6, 2021　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　/s/Michael Thad Allen
　　　　　　　　　　　　　　　　　　　　　Michael Thad Allen
　　　　　　　　　　　　　　　　　　　　　D. Conn. Bar No. CT29813
　　　　　　　　　　　　　　　　　　　　　admitted *pro hac vice*
　　　　　　　　　　　　　　　　　　　　　Lead Attorney
　　　　　　　　　　　　　　　　　　　　　ALLEN HARRIS PLLC
　　　　　　　　　　　　　　　　　　　　　PO Box 404
　　　　　　　　　　　　　　　　　　　　　Quaker Hill, CT  06375
　　　　　　　　　　　　　　　　　　　　　(860) 772-4738 (phone)
　　　　　　　　　　　　　　　　　　　　　(860) 469-2783 (fax)
　　　　　　　　　　　　　　　　　　　　　mallen@allenharrislaw.com

　　　　　　　　　　　　　　　　　　　　　Jonathan F. Mitchell
　　　　　　　　　　　　　　　　　　　　　Texas Bar No. 24075463
　　　　　　　　　　　　　　　　　　　　　MITCHELL LAW PLLC
　　　　　　　　　　　　　　　　　　　　　111 Congress Avenue, Suite 400
　　　　　　　　　　　　　　　　　　　　　Austin, Texas 78701
　　　　　　　　　　　　　　　　　　　　　(512) 686-3940 (phone)
　　　　　　　　　　　　　　　　　　　　　(512) 686-3941 (fax)
　　　　　　　　　　　　　　　　　　　　　jonathan@mitchell.law

　　　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on the date specified in the caption of this document, I served on all parties of record via electronic means.

　　　　　　　　　　　　　　　　　　　　　/s/Michael Thad Allen
　　　　　　　　　　　　　　　　　　　　　Michael Thad Allen