FILED
2019 OCT 24 AM 9:25
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOHN DOE, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CAUSE NO. A-19-CV-0415-LY |
| | § | |
| BOARD OF REGENTS OF THE | § | |
| UNIVERSITY OF TEXAS SYSTEM; | § | |
| MELISSA B. HARRELL, LAURA E. | § | |
| MITCHELL, AND RENA S. DAY, | § | |
| EACH INDIVIDUALLY AND IN HER | § | |
| OFFICIAL CAPACITY, JOINTLY AND | § | |
| SEVERALLY, | § | |
| DEFENDANTS. | § | |

## ORDER GRANTING MOTION TO DISMISS AND DISMISSING ALL CLAIMS

Before the court is the above styled and numbered cause. Plaintiff John Doe, is a Florida resident and a former graduate student in the Epidemiology Department at the University of Texas Health Science Center at Houston, School of Public Health–Austin ("UT Health-Austin"). After failing the preliminary examination for the PhD program in Epidemiology three times, Doe filed this action alleging that Defendants acting together in their official capacities and individually in a manner outside their authority, all but guaranteed Doe would fail the required examination and thereby prevented him from advancing through the PhD program. Doe alleges that Defendants chose to single him out for failure because of Doe's critical views about vaccine safety and efficacy, and the manner in which Doe has brought to the public's attention scientific and governmental documents Doe believes link vaccines to autism. Doe alleges that Defendants have deprived him of his rights to freedom of speech and due process under the United States and Texas Constitutions. Doe also asserts a breach-of-contract action.

EXHIBIT A

Pending are Defendants Board of Regents of the University of Texas System ("Board"), Melissa B. Harrell, associate professor and academic advisor at UT Health-Austin, Laura E. Mitchell, professor and former epidemiology preliminary-exam committee chair and former associate dean of research at UT Health-Houston, and Rena S. Day, professor and current epidemiology preliminary-exam committee chair at UT Health-Houston's Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint for Lack of Subject-Matter Jurisdiction and Failure to State a Claim filed June 21, 2019 (Clerk's Document No. 22), Plaintiff John Doe's response filed July 12, 2019 (Clerk's Document No. 25), and Defendants' reply filed July 25, 2019 (Clerk's Document No. 28). Defendants seek dismissal of all of Doe's claims. Having considered the motion, response, reply, the second amended complaint, and the applicable law, the court will grant the motion.

**Background**

Doe spent the academic year of 2013-2014, the first year of his graduate program, at UT Health-San Antonio. Doe transferred and continued his studies at UT Health-Austin, where he remained until he was dismissed in June 2017. After completing two years of coursework, Doe qualified to take the epidemiology preliminary examination, which he was required to pass before writing his doctoral dissertation. Doe took the examination in June 2015, and when he did not pass, UT Health-Austin provided Doe a remedial education plan. To continue in the graduate program, the plan required Doe to enroll in a masters-level course–Epidemiology III. Doe enrolled in the course. Of the seven students in the class, Doe and all but one other student encountered grading problems with the professor and dropped the class. When this occurred, Harrell, Doe's academic advisor, gave Doe the option of meeting with her for a one-on-one independent-study course to assist

2

in preparing Doe to retake the preliminary examination. Doe explains that as of November 20, 2015, Harrell thought Doe was adequately prepared for the examination, and Doe and Harrell stopped the independent-study sessions.

On January 6, 2016, Doe sat again for the preliminary examination. Afterward he was provided a "summary" of the results, and informed he had failed the examination. Doe requested that he be allowed to review his examination, but his request was denied. UT Health dismissed Doe from the doctoral program on February 15, 2016. Doe appealed the dismissal and was readmitted to the program. He again enrolled in Epidemiology III, this time with Professor Steven Kelder, and received an "A" in the course. Kelder offered Doe a summer research position and replaced Harrell as Doe's academic advisor.

On May 17, 2017, Doe took the preliminary examination for a third time. Once again, he was informed that he had failed the examination and was provided no further information about his results. On June 27, 2017, UT Health dismissed Doe from the graduate program. Doe commenced this action in April 2019.

Doe claims Defendants are responsible for his repeated failures and alleges Defendants' actions were taken in retaliation for his anti-vaccination views. By his Second Amended Verified Complaint, Doe alleges five claims against Defendants: (1) *ultra vires* claims based on acts by Harrell, Mitchell, and Day that culminated in Doe's dismissal from UT Health; (2) First Amendment freedom of speech violations; (3) Fourteenth Amendment due-process violations; (4) violations of

3

the Texas Constitution's due-course-of-law provision; and (5) breach of contract or implied contract.[1]

The Board contends that Doe lacks standing to bring claims against it. *See* Fed. R. Civ. P. 12(b)(1). When the court is without statutory or constitutional power to adjudicate a case, the case is properly dismissed for want of subject-matter jurisdiction. *Hooks v. Landmark Indus., Inc.*, 797 F.3d 309, 312 (5th Cir. 2015). Plaintiff bears the burden to show standing and must establish: (1) an actual or imminent, concrete and particularized "injury in fact"; (2) that is fairly traceable to the challenged action of the defendant; and (3) that the injury is likely to be redressed by a favorable decision. *Friends of the Earth, Inc. v. Laidlaw Envt'l. Servs., Inc.*, 528 U.S. 167, 180-81 (2000). Each of the three elements are "an indispensable part of the plaintiff's case and the party seeking to invoke federal jurisdiction bears the burden to establish them." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

The remaining Defendants contend that each of them is either immune from Doe's claims or Doe's claims fail to state a claim for which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6).

In determining whether a pleading states a claim for which relief may be granted, the court evaluates the pleadings by accepting all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). To survive a defendant's motion to dismiss, the complaint must allege enough facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

---

[1] Throughout the complaint, Doe pleads generally that "Defendants" are responsible for each of the counts alleged, except Count I, by which Doe alleges with specificity that Defendants Harrell, Mitchell, and Day committed *ultra vires* acts which caused damages to Doe.

4

the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown'–'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

**Doe's breach-of-contract claim**

Doe alleges that he "had a contract or implied contract with The University of Texas[,] and Defendants' failure and refusal to abide by the terms of that contract or implied contract constituted a breach of said contract."[2] The Board overseas the University of Texas System ("System"), but the Board is neither synonymous with the System nor its component institutions such as UT Health.[3] *See* Tex. Educ. Code Ann. §§ 65.11, 73.001 (West 2002).

The Board moves to dismiss these claims contending that Doe's pleading does not allege any conduct by the Board or an injury that is fairly traceable to any challenged action by the Board.

---

[2] Doe's response to the motion to dismiss provides that he only seeks relief on his breach-of-contract claims against "The University of Texas," not Mitchell, Harrell, Day, or the Board.

[3] Doe did not name the UT System as a Defendant, he names the Board of Regents. Although there is a distinction between the two university parties, it is immaterial, as the court determines Doe has not alleged any facts that if true, would constitute an injury traceable to the UT System.

5

Doe responds that the Board is a proper party to his breach-of-contract claim and his breach of implied-contract claim, and these claims should not be dismissed. Further in response to the motion to dismiss, Doe argues,

> As the Board of Regents exercises ultimate control over the UT System and makes all decisions involving the UT System, they are inherently a party to the contract between [Doe] and the UT System in this case. Within UT Health's admission process, UT Health administrators have authority to grant admission to students, which is an offer that may be accepted by a student. In this scenario, [Doe] accepted that offer. Yet, the University only has the power to grant the offer to a student, contingent upon the Board properly vesting that power upon them. Thus, UT Health's power to contract with students ultimately is predicated upon the Board[]'s decision making and control over the UT System, and their allotment of power to the different schools within the system.

Although Doe does not cite to or include as an exhibit any specific document he alleges to be a written contract with UT Health, Doe suggests that UT Health's admission of a student creates a contract guaranteeing graduation from that student's chosen program. The court concludes this proposition is wholly unsupported. Doe has alleged no facts sufficient for the court to reasonably infer that any Defendant (1) had a contract, actual or implied, with Doe, and (2) took any action that would breach that contract. Doe has not met his burden to invoke the court's jurisdiction over these claims and the court will dismiss them for lack of standing.

**Doe's remaining claims against the Board**

The Board also contends that Doe has failed to establish that he has standing to bring all other claims alleged against it. Counts II through IV of the second amended complaint do not refer to the Board specifically, rather the Board is included only by Doe's general reference to "Defendants."[4]

---

[4] The second amended complaint presents the following: (1) Count II, "42 USC § 1983–First Amendment Freedom of Speech-Retaliation;" (2) Count III "42 USC § 1983-Fourteenth

6

Additionally, the pleading makes no reference to any specific action taken by the Board with regard to Doe's termination from UT Health. Instead, the Board's alleged liability stems only from the fact that UT Health is under the direct control of the Board.

The Board contends that as there are no allegations the Board took any action against Doe and there is no injury Doe sustained that is traceable to any action by the Board, Doe has failed to show he has standing to bring the claims alleged against the Board. Doe responds that because the Board is responsible for overseeing the management of UT Health, Doe's injuries are fairly traceable to the Board. Doe argues that his claims stem directly from the Board's failure to provide adequate oversight to ensure that administrators and educators at UT Health do not engage in conduct that violates students' rights to freedom of speech and due process. Consequently, Doe argues his injuries are directly traceable to the Board.

The court concludes that Doe has failed to allege that there is any causal connection between Doe's injury–dismissal from UT Health–and any action by the Board. Doe does not identify any conduct or act by the Board that affected Doe one way or another. *Compare Bennett v. Spear*, 520 U.S. 154, 167 (1997) (concluding that standing established by pleading alleging specifically that amount of available water for irrigation will be reduced; that reduction is traceable to Fish and Wildlife Service's biological opinion; and ranchers and irrigation districts will be adversely affected). Instead, Doe argues that because the Board is responsible for overseeing the management of UT Health, the compelled conclusion is that the Board caused Doe's injury–Doe's dismissal from UT Health after failing the required preliminary examination three times. The court concludes this

---

Amendment Due Process;" and (3) Count IV "Texas Constitution, Art. I, Sec 19-Due Course of Law."

7

is inadequate to show that the Board engaged in any act that contributed to Doe's dismissal from UT Health. Doe has failed to show he has standing to proceed with the claims alleged against the Board. As Doe has failed to invoke the court's jurisdiction over any claim alleged against the Board, Doe is without standing to bring the claims, and the court dismisses the remaining claims alleged against the Board, without prejudice, for want of jurisdiction.

**Doe's claims against Harrell, Mitchell, and Day in their official capacities**

"A suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). "Suits against state officials in their official capacity [] should be treated as suits against the State." *Hafer v. Melo*, 502 U.S. 21, 25 (1991). The Eleventh Amendment "bar[s] a damages action against a State in federal court" and "[t]his bar remains in effect when State officials are sued for damages in their official capacity." *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). Section 1983 does not waive Eleventh Amendment immunity from suit. *Quern v. Jordan*, 440 U.S. 332, 345 (1979). To the extent Doe seeks to recover damages from Harrell, Mitchell, and Day in their official capacities, his claims are barred by Eleventh Amendment immunity from suit.

Doe alleges that Harrell, Mitchell, and Day each engaged in acts that were *ultra vires* to their official state responsibilities and, therefore, are not entitled to immunity for the alleged state-law claims. Here, Doe claims that the Board's Rules and the UT Health Handbook of Operating Procedures limit the legal authority of Harrell, Mitchell, and Day. However, in reviewing the rules and procedures Doe relies upon as support for his argument, the court finds nothing in those documents deprived Harrell, Mitchell, or Day of the legal authority to take the actions they did about which Doe complains.

8

"To fall within [the] *ultra vires* exception, a suit must not complain of a government officer's exercise of discretion, but rather must allege, and ultimately prove, that the officer acted without legal authority or failed to perform a ministerial act." *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009). "An *ultra vires* claim based on actions taken 'without legal authority' has two fundamental components: (1) authority giving the official some (but not absolute) discretion to act and (2) conduct outside of that authority." *Hall v. McRaven*, 508 S.W.3d 232, 239 (Tex. 2017). If the defendant acts within his discretionary authority, the *ultra vires* exception does not apply and the court lacks subject-matter jurisdiction. *Id.* at 234.

The court finds no allegations of fact that Harrell, Mitchell, or Day's actions regarding Doe were beyond their discretionary authority. The actions Doe refers to are presented broadly and in a conclusory manner. Based on Doe's factual allegations, Harrell, Mitchell, and Day taught Doe, gave him feedback after taking the preliminary examinations, provided Doe remedial plans and recommendations, denied access to requested information, provided one-on-one instruction in an independent-study course, and reviewed the first and second preliminary examination questions with Doe but did not provide the answers. Although Mitchell and Day chaired the examination committee at different times, there is no allegation that either of them graded Doe's examinations or were involved in the decision to dismiss Doe from the graduate program.

Further, even assuming the rules and procedures somehow provide an implicit prohibition on viewpoint discrimination, the factual allegations do not support the conclusion that Harrell, Mitchell, or Day retaliated against Doe for his anti-vaccination viewpoint. Doe alleges that his views were "well known and documented" and that there were "various online sources of material." However, absent are any allegations from which a reasonable inference could be drawn that Harrell,

9

Mitchell, or Day knew about Doe's views, exactly how "well known" Doe's anti-vaccination views were, or by whom those views were known. Doe's affidavit recites that he expressed his views in classes and at an extracurricular group meeting attended by professors. Absent is any allegation that Doe expressed his views in the presence of Harrell, Mitchell, or Day. Additionally Doe's affidavit does not include whether any of them were present at the extracurricular meeting during which Doe expressed his anti-vaccination views. Further, although Doe states that he expressed his views in his admission application essay, there is nothing alleged that reflects Harrell, Mitchell, or Day were involved in the admission process or knew about Doe's essay.

Under the due-course-of-law provision of the Texas Constitution, courts determine whether a plaintiff has a liberty or property interest that is entitled to procedural due process protection; and, if so, determine what process is due. *See University of Tex. Med. Sch. at Houston v. Than*, 901 S.W.2d 926, 929 (Tex. 1995). The amount of process due is measured by a flexible standard. *Id.* at 930-31 (standard includes: (1) private interest affected by official action; (2) risk of erroneous deprivation of private interest through procedures used and probable value, if any, of additional safeguards; and (3) government's interest, including function involved and fiscal and administrative burdens that additional or substitute procedural requirements entail). "Academic dismissals arise from a failure to attain a standard of excellence in studies," and require less process than a disciplinary dismissal. *Id.* Imposing a hearing requirement for academic dismissals raises serious policy concerns and the more advanced the educational environment, the more these policy concerns apply. *Board of Curators, Univ. of Mo. v. Horowitz*, 435 U.S. 78, 90 (1978) (academic evaluations of student in contrast to disciplinary determinations, "bear little resemblance to the judicial and administrative fact-finding proceedings to which we have traditionally attached a full-hearing

10

requirement;" rather they require "an expert evaluation of cumulative information and is not readily adapted to the procedural tools of judicial or administrative decisionmaking").

Based on Doe's allegations regarding the process Harrell, Mitchell, and Day afforded him, the court concludes there is no basis upon which to reasonably infer that Harrell, Mitchell, or Day violated Doe's right to due process. Doe received three opportunities to take the required preliminary examination for his graduate program, took remedial classes between exams, received one-on-one instructional assistance, and was afforded the opportunity to review the first and second exams with his academic advisor before taking the third exam. The court concludes Doe's allegations do not constitute a violation of the Texas Constitution's due-course-of-law guarantee.

To the extent Doe's pleading raises a substantive due-course-of-law violation, Harrell, Mitchell, and Day retain their Eleventh Amendment immunity. *See Texas Workers' Comp. v. Garcia*, 893 S.W.2d 504, 525 (Tex. 1995) ("Like the federal due process clause, [the Texas due-course-of-law] guarantee contains a substantive as well as a procedural component."). The Texas Supreme Court "generally construe[s] the due course clause in the same way as its federal counterpart." *Texas Workers' Comp. v. Patient Advocates of Tex.*, 136 S.W.3d 643, 658 (Tex. 2004). "When judges are asked to review the substance of a genuinely academic decision, such as this one, they should show great respect for the faculty's professional judgment." *Regents of Univ. of Mich. v. Ewing*, 474 U.S. 214, 225 (1985). A violation of substantive due process requires "such a substantial departure from accepted academic norms as to demonstrate that the person or committee responsible did not actually exercise professional judgment." *Id.* Indeed, it would be unreasonable to conclude that Harrell, Mitchell, or Day's actions about which Doe complains were "such a substantial departure from accepted academic norms as to demonstrate that the person [] responsible

11

did not actually exercise professional judgment." *Ewing*, 474 U.S. at 225 (describing standard for substantive-due-process violation in context of academic decision).

> If a federal court is not the appropriate forum in which to review the multitude of personnel decisions that are made by public agencies, it is far less suited to evaluate the substance of the multitude of academic decisions that are made daily by faculty members of public educational institutions–decisions that require an expert evaluation of cumulative information and are not readily adapted to the procedural tools of judicial or administrative decisionmaking.

*Id.* at 226 (quotations and citations omitted).

Although Doe takes issue with various aspects of his academic process, the court concludes that none of Doe's complaints amount to a substantive-due-process violation. Harrell, Mitchell, and Day, in their official capacities, retain their immunity from suit.

**Doe's claims against Harrell, Mitchell, and Day in their individual capacities**

To the extent Doe raises claims against Harrell, Mitchell, and Day in their individual capacities under the Texas Constitution, there is no private right of action for damages under the Texas Constitution for violations of due process, therefore the court is without subject-matter jurisdiction over these claims.[5] "Texas has no provision comparable to [Section] 1983." *Beaumont v. Bouillion*, 896 S.W.2d 143, 149 (Tex. 1995); *see Acara v. Banks*, 470 F.3d 569, 572 (5th Cir. 2006) (no subject-matter jurisdiction if there exists no private cause of action). To the extent Doe alleges violations of the Texas Constitution against Harrell, Mitchell, and Day in their individual capacities, those claims are dismissed without prejudice for lack of subject-matter jurisdiction.

---

[5] Doe offered no response to this argument raised in Harrell, Mitchell, and Day's motion to dismiss.

12

### *Section 1983 claims against Harrell, Mitchell, and Day*

Doe broadly alleges, "42 USC § 1983-First Amendment Freedom of Speech-Retaliation" and "42 USC § 1983 Fourteenth Amendment Due Process," claims against Harrell, Mitchell, and Day spanning events that occurred as early as 2015 through his dismissal from UT Health-Austin in June 2017. Harrell, Mitchell, and Day argue that based on Doe's filing this action on April 12, 2019, the statue of limitations applies to all matters preceding April 12, 2017.

Doe responds to Harrell, Mitchell, and Day's statue-of-limitations defense that the only injury for which he now seeks to recover is his June 27, 2017 dismissal from UT Health-Austin's graduate program, and the only relief he now seeks is reinstatement to the program; he no longer seeks any financial damages.

The parties agree that the applicable two-year statute of limitations runs between April 12, 2019 and April 12, 2017. Thus, to be timely, Doe's claims must be based on conduct that occurred on or after April 12, 2017, and before April 12, 2019. At issue are only the events that occurred within this time frame.

Harrell, Mitchell, and Day contend that the remaining First Amendment freedom-of-speech claims, should be dismissed for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6). To establish his First Amendment retaliation claim, Doe must show that the exercise of his constitutional rights was a substantial or motivating factor for Harrell, Mitchell, and Day's actions in having him removed from the graduate school. *See Mount Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 287 (1977).

Although Doe alleges he openly discussed his anti-vaccination views, missing are factual allegations from which the court can draw a reasonable inference that Harrell, Mitchell, or Day were

13

aware of his views, or were motivated by them. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (plaintiff must plead facts that allow court to draw reasonable inference that defendant is liable for alleged misconduct). There are no allegations about how or when Harrell, Mitchell, or Day learned about Doe's anti-vaccination views, or why Doe believes that any of them treated him differently because of his views. Additionally, there are no allegations that Harrell, Mitchell, or Day ever referred to Doe's views in any context to anyone. The court cannot accept as true Doe's conclusory allegation and unwarranted factual inference that Harrell, Mitchell, and Day discriminated against him based on his viewpoint. *Id.* at 679. Doe's First Amendment freedom-of-speech claims alleged against Harrell, Mitchell, and Day in their individual capacities are dismissed for failure to state a claim for which relief may be granted.

Harrell, Mitchell, and Day contend that Doe's Fourteenth Amendment due-process claims alleged against them in their individual capacities, raised by Count III, should be dismissed for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6).

Doe's due-process claims relate to actions taken by Harrell, Mitchell, and Day following Doe's three failed attempts to pass the required preliminary examination for him to continue in the graduate epidemiology program. The court finds the decisions made by Harrell, Mitchell, and Day are purely academic decisions, not disciplinary decisions. Academic decisions require far less process because they "rest on the academic judgment of school officials," which is a subjective and evaluative judgment "not easily adapted to judicial procedure or decision-making." *Horowitz*, 435 U.S. at 89-90. "The Due Process Clause does not require that students dismissed for failure of academic performance be given a hearing" or a right to appeal. *Shah*, 129 F. Supp. 3d at 500, *aff'd* 668 F. App'x at 88.

Doe was given three opportunities to pass the preliminary examination for the UT Health doctorate program. He was provided several remedial learning plans, took and retook courses to aid in preparing him for the exam, and was provided one-on-one instructional assistance. Before taking the exam for the third time, he was permitted to review and discuss questions from the first and second exams with his academic advisor. The court concludes that Doe received all of the process, and perhaps more than, he was due; no more was required. The court will dismiss Doe's claims for failure to state a claim for which relief may be granted.

**Conclusion**

The court concludes that Plaintiff John Doe has failed to establish standing to bring his breach-of-contract claims, for which he seeks relief from the Board and the unnamed party, UT System, therefore, the court will dismiss those claims for lack of jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). Further, the court concludes that Doe has failed to establish standing to bring the remaining claims alleged against the Board and will also dismiss the remainder of Doe's claims alleged against the Board for lack of jurisdiction. *Id.* With regard to the claims Doe alleges against Defendants Harrell, Mitchell, and Day, each in their official capacities, the court concludes that those claims are barred by Eleventh Amendment immunity from suit and the court will dismiss those claims, without prejudice, for lack of jurisdiction. *Id.* With regard to Doe's claims alleged against Harrell, Mitchell, and Day in their individual capacities under the Texas Constitution, the court will dismiss those claims, without prejudice, for lack of jurisdiction. *Id.* With regard to Doe's Section 1983 claims alleging Defendants Harrell, Mitchell, and Day violated Doe's First Amendment and

Fourteenth Amendment rights, the court concludes that Doe fails to state a claim for which relief may be granted, and the court will dismiss those claims with prejudice. *See* Fed. R. Civ. P. 12(b)(6).

**IT IS ORDERED** that Defendants Board of Regents of the University of Texas System, Melissa B. Harrell, Laura E. Mitchell, and Rena S. Day's Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint for Lack of Subject-Matter Jurisdiction and Failure to State a Claim filed June 21, 2019 (Clerk's Document No. 22) is **GRANTED**.

**IT IS FURTHER ORDERED** that as Plaintiff John Doe failed to establish standing, all of Doe's breach-of-contract claims are **DISMISSED FOR LACK OF JURISDICTION.** Fed. R. Civ. P. 12(b)(1).

**IT IS FURTHER ORDERED** that as John Doe fails to establish standing, all remaining claims alleged by Plaintiff John Doe against the Board are **DISMISSED FOR LACK OF JURISDICTION.** *Id.*

**IT IS FURTHER ORDERED** that all of Plaintiff John Doe's claims alleged against Defendants Harrell, Mitchell, and Day, each in their official capacities, are barred by Eleventh Amendment immunity from suit and these claims are **DISMISSED FOR LACK OF JURISDICTION.** *Id.*

**IT IS FURTHER ORDERED** that all of Plaintiff John Doe's claims alleged against Defendants Harrell, Mitchell, and Day, each in their individual capacities under the Texas Constitution, are **DISMISSED FOR LACK OF JURISDICTION.** *Id.*

**IT IS FURTHER ORDERED** that all of Plaintiff John Doe's claims alleging that Defendants Harrell, Mitchell, and Day, each in their individual capacities, violated Doe's First Amendment and Fourteenth Amendment rights under the United States Constitution are

16

**DISMISSED WITH PREJUDICE FOR FAILURE TO STATE A CLAIM**. Fed. R. Civ. P. 12(b)(6).

SIGNED this 24th day of October, 2019.

_____
LEE YEAKEL
UNITED STATES DISTRICT JUDGE