UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **Timothy Jackson**, <br><br> Plaintiff, <br><br> v. <br><br> **Laura Wright**, **Milton B. Lee**, **Melisa Denis**, **Mary Denny**, **Daniel Feehan**, **A.K. Mago**, **Carlos Munguia**, and **G. Brint Ryan**, each in their official capacities as members of the Board of Regents for the University of North Texas System; **Rachel Gain**; **Ellen Bakulina**; **Andrew Chung**; **Diego Cubero**; **Steven Friedson**; **Rebecca Dowd Geoffroy-Schwinden**; **Benjamin Graf**; **Frank Heidlberger**; **Bernardo Illari**; **Justin Lavacek**; **Peter Mondelli**; **Margaret Notley**; **April L. Prince**; **Cathy Ragland**; **Gillian Robertson**; **Hendrik Schulze**; **Vivek Virani**; and **Brian F. Wright**, Defendants. | Case No. 4:21-cv-00033-ALM |

**RESPONSE TO DEFENDANTS' MOTION TO STAY**

Plaintiff hereby opposes Defendants' Motion to Stay Discovery. ECF No. 18.

I. **BACKGROUND**

Defendants' Motion to Stay Discovery repeats their sovereign immunity argument from their Motion to Dismiss. ECF No. 8. Plaintiff therefore incorporates by reference the factual background in his briefed opposition to that motion. ECF No. 16 at 1-10.

The Court has already ordered the parties to convene their joint conference under Fed. R. Civ. P. 26(f) no later than April 22, 2021 and ordered mandatory disclosures, including disclosure of "all documents, electronically stored information, witness

1

statements, and tangible things in the possession, custody, or control of the disclosing party that are relevant to the claim or defense of any party." ECF No.14 at 4 (issued April 4, 2021). The Court also authorized "[e]arly Rule 34 requests" as well as depositions before the Rule 16 management conference, "so that counsel are in a position to intelligently discuss additional required discovery, and scheduling of the case." Id., at 4-5. This Order followed Defendants' Motion to Dismiss filed weeks earlier. ECF No. 8 (filed March 15, 2021). It is therefore chiefly this Order that Defendant wish to undo.

II. **ARGUMENT**

Although "[t]he Court 'has broad discretion and inherent power to stay discovery' while a motion to dismiss is pending"; a stay "is not . . . automatically granted whenever a motion to dismiss is pending." *Sedillo v. Team Techs., Inc.*, Civil Action No. 3:20-CV-1628-D, 2020 U.S. Dist. LEXIS 164085, at *7 (N.D. Tex. Sep. 9, 2020) (quoting *Reich Album & Plunkett, L.L.C. v. Wheat, Opperman & Meeks*, P.C., 2007 U.S. Dist. LEXIS 40400, 2007 WL 1655677, at *3 (E.D. La. June 4, 2007) and *Stanissis v. Dyncorp Int'l LLC*, 2014 U.S. Dist. LEXIS 174296, 2014 WL 7183942, at *1 (N.D. Tex. Dec. 17, 2014)). Here, the Court has already ordered discovery to proceed. ECF No. 8.

Defendants reprise their argument on sovereign immunity raised in the Motion to Dismiss. ECF No. at 16-19. They argue:

- sovereign immunity (or 11th Amendment immunity) is a jurisdictional bar that prevents discovery; and
- Plaintiff lacks standing due to unredressable injuries.

ECF No. 18 at 3-5.  In addition, Defendants seek to shield the Defamation Defendants from discovery, although they present no legal authority for doing so.  Defendants concede that these parties can assert no sovereign immunity.  Id. at 5.

Defendants' sovereign-immunity objections are meritless.  First, the State argues that Professor Jackson does not seek prospective relief.  Yet Professor Jackson seeks prospective relief to enjoin an ongoing violation of his First Amendment rights.  UNT continues to censor him.  See Complaint (ECF No. 1) at ¶ 76(ii) (asking the Court to "enjoin the members of the Board of Regents, along with their employees and subordinates, from taking any adverse action against Professor Jackson in response to the publication of the symposium or his criticisms of Professor Ewell").

The relief Professor Jackson seeks therefore falls squarely within the *Ex parte Young* exception to sovereign immunity.  See *Verizon Maryland, Inc. v. Public Service Comm'n of Maryland*, 535 U.S. 635, 645 (2002) ("In determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a 'straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" (citation omitted)); *Raj v. Louisiana State University*, 714 F.3d 322, 328 (5th Cir. 2013) ("[T]he Eleventh Amendment does not bar suits for injunctive or declaratory relief against individual state officials acting in violation of federal law.").

The Defendants try to escape *Ex parte Young* by denying that the Board defendants are "proper defendants."  Mot. to Dismiss (ECF No. 8) at 17; Motion to Stay (ECF No. 18 at 4).  But an *Ex parte Young* lawsuit requires only that a defendant have "some connection" with the enforcement of the challenged policy or practice, and the Board defendants easily

3

meet this test.  The Regents, acting in their official capacity, "possess[] the authority to reinstate" Professor Jackson according to the relief requested, which Defendants cannot dispute.  Indeed, if Professor Jackson had not joined the Regents in their official capacity, the State would no doubt argue for dismissal because he had failed to join them rather than lower-level administrators.  See *Liu v. Tex. State Univ.*, No. A-18-CV-00938-LY, 2019 U.S. Dist. LEXIS 136197, at *13 (W.D. Tex. Aug. 12, 2019) (dismissing claims for reinstatement against individual non-board defendants of Texas state university in their official capacity because none of the lower-level administrative defendants in that suit had the ultimate authority to grant the relief sought); see also, *Amawi v. Pflugerville Indep. Sch. Dist.*, 373 F. Supp. 3d 717, 740 (W.D. Tex. 2019), *vac. as moot on other grounds sub nom.*, *Amawi v. Paxton*, 956 F.3d 816 (5th Cir. 2020) (defendants properly sued board defendants in their official capacities in First Amendment suit to enjoin University of Houston and Texas A&M University System, among other state schools, noting universities did "not contest that sovereign immunity does not extend to the individual members of the Boards" and "suits against the individual members of the Boards" properly fall within *Ex parte Young* exception).

　　　　The defendants complain that Professor Jackson "pleads no facts to show that the Board Defendants have any role with the Journal or the Panel's review and recommendation, nor whether campus officials acted on those recommendations."  Id. at 17.  But Professor Jackson is not required to make any "showing" of this sort.  The Board of Regents, as the governing authority of the university, by definition has "some connection" to the retaliatory actions that Professor Jackson has alleged, because the Board of Regents has the authority to oversee and countermand the decisions of university officials.

4

The situation is no different from a lawsuit challenging a public university's affirmative-action programs, which is properly brought against the individual regents even when the challenged policies are made and implemented by lower-level university officials. See *Fisher v. Univ. of Tex. at Austin*, 758 F.3d 633, 637 (5th Cir. 2014). The defendants do not even acknowledge the "some connection" test from *Ex parte Young*, let alone explain how the Board defendants fail to satisfy that standard.

The defendants also claim that Professor Jackson fails to allege an "ongoing violation" of federal law. They insist that he "alleges only past injuries." ECF No. 18 at 4. That is flatly wrong. Professor Jackson's banishment from the Journal is an ongoing injury that will continue absent relief from this Court. The initial decision to exclude Professor Jackson from the Journal was made in the past, but the implementation of that decision will continue indefinitely into the future unless the university changes its stance. That is all that Professor Jackson needs to allege an "ongoing" violation of federal law. That the decisions to exclude Professor Jackson were made in the past does not mean that his injuries are confined exclusively to the past. The situation is no different from a President who decides to exclude travelers from designated foreign countries from entering the United States. The affected individuals still have standing to challenge the implementation of that past decision and seek prospective relief against its enforcement, even though they are challenging the legality of a past decision. See *Trump v. Hawaii*, 138 S. Ct. 2392, 2415–16 (2018).

Professor Jackson alleges that the university is currently excluding him from the Journal on account of his past criticisms of Philip Ewell. Again, this is all that is needed to allege an ongoing violation of federal law. And it is also entirely proper for Professor

5

Jackson to seek a prohibition against all "adverse actions" taken in response to his criticisms of Philip Ewell; otherwise the university and its officials could evade an injunction from this Court by retaliating against Professor Jackson in other ways.

The defendants further claim that Professor Jackson "does not allege facts to show any ongoing or future injury." ECF No. 18 at 4. But that is transparently false. Paragraph 60 of the complaint states:

> On December 11, 2020—more than a week before the deadline that the provost had imposed—Dr. Benjamin Brand (Professor Jackson's department chair) informed Professor Jackson that he would be removed from the Journal and that the university would eliminate resources previously provided to the Journal and Center for Shenkerian Studies.

Complaint (ECF No. 1) at ¶ 60. Professor Jackson's "remov[al] from the Journal" and the university's intent to "eliminate resources previously provided to the Journal and Center for Shenkerian Studies" describe ongoing and future injuries.

Professor Jackson's banishment from the Journal will continue into the future unless it is enjoined by this Court, and the university will eliminate future resources for the Journal and Center for Shenkerian Studies absent judicial intervention. All of these allegations must be assumed true at this stage of the litigation. They indisputably describe continuing and future injuries that confer standing to seek prospective relief. See *Manhattan Community Access Corp. v. Halleck*, 139 S. Ct. 1921, 1927 (2019) ("Because this case comes to us on a motion to dismiss, we accept the allegations in the complaint as true").

### III. CONCLUSION

For the foregoing reasons, Defendants Motion to Stay Discovery should be denied.

6

|  |  |
|---|---|
|  | Respectfully submitted, |
| DATE: April 26, 2021 | /s/Michael Thad Allen |

Michael Thad Allen, Esq.
D. Conn. Bar No. CT29813
admitted *pro hac vice*
Lead Attorney
ALLEN LAW, LLC
PO Box 404
Quaker Hill, CT  06375
(860) 772-4738 (phone)
(860) 469-2783 (fax)
m.allen@allen-lawfirm.com

Jonathan Mitchell
Texas Bar No. 24075463
MITCHELL LAW PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law

for PLAINTIFF

**CERTIFICATE OF SERVICE**

I hereby certify that on the date specified in the caption of this document, I electronically filed the foregoing with the Clerk of Court, to be served on all parties of record via the CM/ECF system.

/s/Michael Thad Allen
Michael Thad Allen