UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **Timothy Jackson**,<br><br>    Plaintiff,<br><br>v.<br><br>**Laura Wright**, **Milton B. Lee**, **Melisa Denis**, **Mary Denny**, **Daniel Feehan**, **A.K. Mago**, **Carlos Munguia**, and **G. Brint Ryan**, each in their official capacities as members of the Board of Regents for the University of North Texas System; **Rachel Gain**; **Ellen Bakulina**; **Andrew Chung**; **Diego Cubero**; **Steven Friedson**; **Rebecca Dowd Geoffroy-Schwinden**; **Benjamin Graf**; **Frank Heidlberger**; **Bernardo Illari**; **Justin Lavacek**; **Peter Mondelli**; **Margaret Notley**; **April L. Prince**; **Cathy Ragland**; **Gillian Robertson**; **Hendrik Schulze**; **Vivek Virani**; and **Brian F. Wright**, Defendants. | Case No. 4:21-cv-00033-ALM |

**RESPONSE TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER**

 Plaintiff hereby opposes Defendants' Motion for Protective Order. ECF No. 19.

 Defendants' Motion for Protective Order basically asks for the same relief and incorporates by reference their sovereign immunity argument from their Motion to Dismiss and Motion to Stay Discovery. ECF No. 8 and 18. Plaintiff therefore incorporates by reference the factual background in his briefed opposition to Defendants' Motion to Dismiss. See ECF No. 16 at 1-10. Plaintiff also incorporates his argument set forth in his Response to Defendants' Motion to Stay Discovery. ECF No. 23.

1

It is difficult to understand the purpose of Defendant's Motion for Protective Order. For one, the Court has already ordered discovery in this case, and the parties convened their joint conference under Fed. R. Civ. P. 26(f) on April 14, 2021 in accord with the Court's Order. ECF No. 14.

The Court also authorized "[e]arly Rule 34 requests" as well as depositions before the Rule 16 management conference, "so that counsel are in a position to intelligently discuss additional required discovery, and scheduling of the case." Id., at 4-5. The Court also directed the parties to make mandatory disclosure of "all documents, electronically stored information, witness statements, and tangible things in the possession, custody, or control of the disclosing party that are relevant to the claim or defense of any party." ECF No.14 at 4 (issued April 4, 2021).

Furthermore, Defendants present no authority for the proposition that discovery should halt as to the Defamation Defendants simply because the State asserts a sovereign immunity defense as to the Regents Defendants as state actors. Defendants seek more protection through this Court than is available under Texas law.

Independent of the discovery powers of this Court, the information sought is also discoverable under the Texas' Public Information Act (Act). Tex. Gov't Code Ann. § 552.001 et seq. Under the Act, "[p]ublic information is any information which, under a law or ordinance or in connection with the transaction of official business, is collected, assembled or maintained by or for a governmental body and the governmental body owns the information or has a right of access to it," which obviously includes public universities such as UNT. *Univ. of Tex. Rio Grande Valley v. Hernandez*, No. 13-19-00180-CV, 2021 Tex. App.

LEXIS 897, at *6 (Tex. App. Feb. 4, 2021).  The State makes no argument as to why any of the information sought should be put beyond the reach of disclosure.

Were the Court to shut off discovery, UNT would still be required to disclose the documents and information through other means, either in conjunction with or independent of litigation.  See *Miller v. Sam Hous. State Univ.*, 986 F.3d 880, 892 (5th Cir. 2021) (reversible error in First Amendment lawsuit to deny discovery requests despite pre-suit Public Information Act requests).

I. **CONCLUSION**

For the foregoing reasons, the Court should deny Defendants' Motion for Protective Order.

                                                Respectfully submitted,

DATE: April 26, 2021              /s/Michael Thad Allen
                                                Michael Thad Allen, Esq.
                                                D. Conn. Bar No. CT29813
                                                admitted *pro hac vice*
                                                Lead Attorney
                                                ALLEN LAW, LLC
                                                PO Box 404
                                                Quaker Hill, CT  06375
                                                (860) 772-4738 (phone)
                                                (860) 469-2783 (fax)
                                                m.allen@allen-lawfirm.com

                                                Jonathan Mitchell
                                                Texas Bar No. 24075463
                                                MITCHELL LAW PLLC
                                                111 Congress Avenue, Suite 400
                                                Austin, Texas 78701
                                                (512) 686-3940 (phone)
                                                (512) 686-3941 (fax)
                                                jonathan@mitchell.law

                                                for PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on the date specified in this document, I electronically filed the foregoing with the Clerk of Court, to be served on all parties of record via the CM/ECF system.

/s/Michael Thad Allen
Michael Thad Allen