UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **Timothy Jackson**, <br><br> Plaintiff, <br><br> v. <br><br> **Laura Wright**, **Milton B. Lee**, **Melisa Denis**, **Mary Denny**, **Daniel Feehan**, **A.K. Mago**, **Carlos Munguia**, and **G. Brint Ryan**, each in their official capacities as members of the Board of Regents for the University of North Texas System; **Rachel Gain**; **Ellen Bakulina**; **Andrew Chung**; **Diego Cubero**; **Steven Friedson**; **Rebecca Dowd Geoffroy-Schwinden**; **Benjamin Graf**; **Frank Heidlberger**; **Bernardo Illari**; **Justin Lavacek**; **Peter Mondelli**; **Margaret Notley**; **April L. Prince**; **Cathy Ragland**; **Gillian Robertson**; **Hendrik Schulze**; **Vivek Virani**; and **Brian F. Wright**, Defendants. | Case No. 4:21-cv-00033-ALM |

## JOINT RULE 26(f) CONFERENCE REPORT

Plaintiff Timothy Jackson ("Jackson" or "Plaintiff") with the Board Defendants[1] and Defamation Defendants[2] (Collectively "Defendants"), Respectfully submit the following Joint Rule 26(f) Conference Report:

---

[1] The Board Defendants are Laura Wright, Milton B. Lee, Melisa Denis, Mary Denny, Daniel Feehan, A.K. Mago, Carlos Munguia, and G. Brint Ryan, each in their official capacities as members of the Board of Regents for the University of North Texas ("UNT") System.

[2] The Defamation Defendants are Rachel Gain; Ellen Bakulina; Andrew Chung; Diego Cubero; Steven Friedson; Rebecca Dowd Geoffroy-Schwinden; Benjamin Graf; Frank Heidlberger; Bernardo Illari; Justin Lavacek; Peter Mondelli; Margaret Notley; April L. Prince; Cathy Ragland; Gillian Robertson; Hendrik Schulze; Vivek Virani; and Brian F. Wright.

1.      **Brief Factual and Legal Synopsis of the Case**

    A.  **Plaintiff's Position:**

    This is a case of state censorship.   Plaintiff Timothy Jackson is Distinguished University Research Professor at the University of North Texas (UNT).  His specialty is music theory, in particular Schenkerian analysis, a method of systematically analyzing the structure of music named after Heinrich Schenker a late 19th-century/early 20th-century Jewish music scholar.  In November 2019, a certain Professor, Philip Ewell of the City University of New York, criticized Schenker in particular as well as the tradition of Western music theory and even Western classical music in general as white supremacist.  Professor Jackson rose to the defense of Schenker and the classical music tradition.  Professor Jackson refuted the charge that Western music was somehow inherently racist or white supremacist, and he did so in the pages of a scholarly journal, the Journal of Schenkerian Studies.

    On July 24, 2020, under Jackson's direction and with full participation of its editorial board and staff (including defendants Ellen Bakulina, Andrew Chung, Benjamin Graf, and Diego Cubero who later renounced this very work as "racist"), the Journal published a series of 15 articles in a symposium (Symposium).  In December 2019, the Journal had issued a Call for Papers to the entire Society for Music Theory, including to Professor Ewell, who refused to respond.  The Journal published all the pro-Ewell papers it received, even over the objections of its Student Editor Levi Walls, who considered Ewell's viewpoints "naïve."  Of course, the Journal also published articles critical of Ewell's assault on classical music as "systematic racism," and authors defended the Journal's namesake, Heinrich Schenker.  These anti-Ewell authors included Timothy Jackson.  At the time, Defamation Defendant

2

Chung enthused over the Journal's Call for Papers, "I think it's great that [the Journal] is looking to engage Ewell's [Society for Music Theory] talk."

No sooner did the Symposium appear in print, however, than Rachel Gain, Ellen Bakulina, Andrew Chung, Diego Cubero, Steven Friedson, Rebecca Dowd Geoffroy-Schwinden, Benjamin Graf, Frank Heidlberger, Bernardo Illari, Justin Lavacek, Peter Mondelli, Margaret Notley, April L. Prince, Cathy Ragland, Gillian Robertson, Hendrik Schulze, Vivek Virani, and Brian F. Wright (the Defamation defendants) circulated open letters and endorsed petitions to get Timothy Jackson fired, the Journal eliminated, and the Center for Schenkerian Studies, which Jackson directs, canceled.

Once the Defamation defendants clamored for state censorship, UNT responded with alacrity. Already on July 31, 2020, mere days after the Symposium appeared, UNT Dean John Richmond announced an investigation of Timothy Jackson and the Journal as part of a crusade to "combat[] racism on campus and across all academic disciplines." UNT then stage the hostile takeover of the Journal in which Jackson had dared to publish the (to defendants scandalous) viewpoint that Western music is not inherently "racist." UNT did so through Regents Laura Wright, Milton B. Lee, Melisa Denis, Mary Denny, Daniel Feehan, A.K. Mago, Carlos Munguia, and G. Brint Ryan (the Board defendants) and other state actors for whom the Board defendants are directly responsible.

The hostile takeover of the Journal was accomplished through an investigation, leading eventually to the demotion and punishment of Jackson. After Dean Richmond announced the investigation, Provost Jennifer Cowley convened a so-called "Ad Hoc Panel" to carry through on the threat. This "Ad Hoc Panel" followed no established rules or procedures of the University, and overtly ignored UNT's stated, written policies

guaranteeing academic freedom and freedom of speech.  Instead the "Ad Hoc Panel" made up standards as it went along.

The purported "investigation" was a pretext from the start.  The Panel published a "Report" to UNT's website on November 25, 2020 and Provost Cowley notified Timothy Jackson (he alone was singled out) by letter of November 30, 2020 that he was required to submit a "response" by December 18, 2020.  Had the so-called "investigation" been focused on the Journal rather than on Timothy Jackson, UNT would have addressed the entire editorial staff.  But the investigation's true purpose was to condemn, punish, and defame Timothy Jackson for his impermissible views.  Moreover, UNT was also completely uninterested in Jackson's Response, another pretextual aspect of the so-called "investigation."

Before Provost Cowley's December 18, 2020 deadline; without waiting for Timothy Jackson to defend himself; and with actual knowledge that the Report was based upon false and defamatory statements, UNT fired Jackson from the Journal and also eliminated Jackson's, the Journal's, and the Center's resources.  The adverse consequences for Timothy Jackson were immediate and his reputational harm has been extreme.

Timothy Jackson sues the Board defendants under the *Ex Parte* Young doctrine to remedy First Amendment retaliation.  He has also sued the Defamation defendants in defamation under Texas state law.  He seeks injunctive relief only at this stage of litigation against the Board defendants but seeks injunctive and legal relief against the defamation defendants.

**B. Defendants' Position:**

Plaintiff is a UNT faculty member who brings this lawsuit against members of the UNT System Board of Regents claiming retaliation in violation of the First Amendment to the U.S. Constitution, as well as against seventeen faculty members and a graduate student teaching fellow claiming defamation. He alleges that university officials retaliated against him because of his contribution to a volume ("Volume 12") in UNT's Journal of Schenkerian Studies that was condemned both inside and outside of the university as containing racist sentiments and as failing to meet the academic standards of a peer-reviewed journal. He claims UNT officials retaliated against him by (1) appointing a panel to review the publication practices of the journal; (2) all the panel to issue findings; and (3) threatening to remove him from the journal in the future. He alleges the Defamation Defendants defamed him by publishing or endorsing statements characterizing his contribution to Volume 12 as "racist."

Defendants deny that they retaliated against or defamed Plaintiff. Defendants assert that Plaintiff's claims should be dismissed for lack of jurisdiction and failure to state a claim. The Board Defendants argue that Plaintiff lacks standing to bring his claims against them and that his claims are barred by sovereign immunity. The Board Defendants also assert that he has failed to state a claim because he has suffered no adverse employment action under Fifth Circuit precedent.  The Defamation Defendants argue that the Court lacks, or should decline to exercise, supplemental jurisdiction of the claims against them. The Defamation Defendants also argue that Plaintiff failed to state a claim for defamation because their statements are constitutionally protected expressions of opinion.

2.      **Jurisdictional Basis for the Suit**

   A.  **Plaintiff's Position:**

This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because Professor Jackson alleges that the university and its Board of Regents are violating his constitutional rights under the First and Fourteenth Amendments.

The Court has supplemental jurisdiction over Professor Jackson's state-law defamation claims under 28 U.S.C. § 1367(a).

   B.  **Defendants' Position:**

Defendants assert the Court lacks jurisdiction. The Board Defendants' assert the Court lacks jurisdiction over the First Amendment retaliation claim against the Board Defendants because Plaintiff lacks standing to bring that claim and because the claims are barred by sovereign immunity. The Defamation Defendants assert the Court lacks, or should decline to exercise, supplemental jurisdiction because the defamation claims do not derive from the same nucleus of operative fact, and, regardless, the state-law defamation claim predominates and the lack of jurisdiction over the federal claim, which is against the Board Defendants only, warrants declining jurisdiction over the state-law defamation claim.

3.      **List of the Correct Names of the Parties to this Action and Any Anticipated Additional or Potential Parties**

   A.  **Plaintiff Timothy Jackson**

Timothy Jackson is Distinguished University Research Professor at the University of North Texas.

   B.  **Board Defendants**

The following defendants are sued under the *Ex Parte* Young doctrine as state actors, each of whom is a member of the Board of Regents for the University of North Texas System:

Laura Wright, Chair

Milton B. Lee

Melisa Denis

Mary Denny

Daniel Feehan

A.K. Mago

Carlos Munguia

G. Brint Ryan

**C. Defamation Defendants**

Plaintiff has brought suit against the following defendants in defamation:

Rachel Gain

Ellen Bakulina

Andrew Chung

Diego Cubero

Steven Friedson

Rebecca Dowd

Geoffroy-Schwinden

Benjamin Graf

Frank Heidlberger

Bernardo Illari

Justin Lavacek

Peter Mondelli

Margaret Notley

April L. Prince

Cathy Ragland

Gillian Robertson

Hendrik Schulze

Vivek Virani

Brian F. Wright

**D. Anticipated Additional or Potential Parties.**

Plaintiff anticipates that discovery will reveal additional defendants who have defamed him and will be joined in this lawsuit.

Defendants do not anticipate the need to add additional parties.

**4.    Related Cases.**

The parties are aware of no such cases.

**5.    Confirm that Initial Mandatory Disclosure Required by Rule 26(a)(1) and this Order Has Been Completed.**

The parties confirm that on the date of this filing, both parties have disclosed information and documents in response to their obligations under Rule 26(a)(1) have been completed.

Plaintiff disputes that Defendants have fully complied with Rule 26(a)(1) and this Court's Order Governing Proceedings concerning mandatory disclosures.  ECF No. 14.

Defendants dispute that Plaintiff has fully complied with Rule 26(a)(1) and this Court's Order Governing Proceedings concerning mandatory Disclosures. ECF No. 14.

**6.     Proposed Scheduling Order Deadlines.**

The Parties identify no reason to deviate from the Court's standard schedule unless the Court grants Defendants' Motion to Stay Discovery (Dkt. No. 18) and the Court believes staying discovery may justify a modification of the standard schedule.

**7.     Rule 26(f) Disclosures.**

**A.   Subjects on which Discovery May Be Needed and Phases of Discovery.**

*1)  Plaintiff proposes discovery in two phases.*

First, Plaintiff intends to conduct discovery in phase 1 according to the Court's Order Governing Proceedings (ECF No. 14).  To that end, Plaintiff served document requests prior to the parties' Rule 26(f) conference, the response to which is now due May 14, 2021.

Plaintiff also intends to take the deposition of four witnesses: Defendant Rachel Gain, Defendant Frank Heidlberger, nonparty Levi Walls, and nonparty Peter Kohanski.

The primary purpose of this first phase of discovery is to identify additional defendants to join in this lawsuit, who must be joined before the one-year statute of limitation for defamation claims under Texas law expires.

In phase 2, when full discovery powers have entered into effect, Plaintiff intends to take the following discovery:

Depositions: in addition to all Defendants, Plaintiff intends to depose UNT administrators Jennifer Cowley, John Richmond, all members of the so-called "Ad Hoc Panel," and officials of the University of North Texas Press.  In addition, Plaintiff may seek third-party discovery through Rule 45 Subpoenas and deposition.  It is anticipated that these witnesses will yield evidence of the pretextual nature of the so-called "Ad Hoc Panel" as well as the malicious defamation of Timothy Jackson.

Document Requests:  Plaintiff seeks documents concerning correspondence of the Defendants concerning him, the Journal, and the Center.  In addition, because the UNT is currently putting into effect its hostile takeover of the Journal by searching for a new editor, Plaintiff will seek all documents concerning this takeover of the Journal through which UNT has censored him and the viewpoints expressed in Volume 12 of the Journal.  Plaintiff will seek information and records concerning any other disciplinary or investigation of journals, publications, or editorial boards convened under the aegis of the University of North Texas Press.  Finally, Plaintiff will seek all evaluations conducted by UNT of himself, the Center, and the Journal.   Plaintiff also anticipates that further document requests or other written discovery will arise based upon information uncovered in the course of discovery.

*2)  Defendants' Position:*

As set forth in Defendants Motion to Stay Discovery (Dkt. No. 18), Defendants' ask the Court to stay all discovery pending resolution of the jurisdictional arguments raised in Defendants' Motion to Dismiss (Dkt. No. 8).

Defendants assert that phased discovery is not appropriate in this case. Plaintiff does not claim the need for jurisdictional discovery but rather argues for immediate discovery "to identify additional defendants to join in this lawsuit, who must be joined before the one-year statute of limitation for defamation claims under Texas law expires [at the end of July 2021]." Defendants assert that is not a valid justification for immediate discovery prior to the resolution of Defendants' Motion to Dismiss. Further the extensive discovery Plaintiff is currently seeking is not limited to the issue of possible additional parties–the sole reason he claims to need immediate discovery. Staying discovery is particularly pivotal in this suit.  As the law currently stands, Plaintiff's strategic prosecution of his state-law defamation claim

in federal court against the Defamation Defendants and potentially against students and other individuals who exercised their rights of free speech, petition and association, denies them the protection afforded under the Texas Citizens Participation Act.

If discovery proceeds, Defendants may conduct discovery on Plaintiff's factual allegations, seek documents and communications associated with the publication of Volume 12, and seek documents and communications related to defeating the elements of a defamation claim, including the truthfulness of any statements and opinions Plaintiff claims are defamatory.

**B.  Any Issues About Disclosure, Discovery, or Preservation of Electronically Stored Information.**

The parties have discussed electronic discovery and have agreed that the production of metadata is not required as part of the initial production of documents, although they reserve the right to request metadata should this become relevant to the case.

**C.  Any Issues About Claims of Privilege or of Protection as Trial Preparation Materials.**

Defendants have raised the issue of the confidentiality of students' educational records and personal identifying information of students which are subject to the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g; 34 CFR Part 99 (FERPA).  Plaintiff asserts that FERPA does not convey privilege to such documents. The parties agree that  any statutorily confidential information may be ordered disclosed by a court of relevant jurisdiction (see 20 U.S.C. § 1232g(b)(2)(B)) and have discussed a potential agreed protective order under which Defendants would produce the records.

11

The parties wish to ask the Court to include in the agreement an order under F.R.E. 502(b) to govern the inadvertent disclosure of privileged or confidential information.  Rule 502(b) states in relevant part:

> (b) Inadvertent Disclosure. When made in a federal proceeding or to a federal office or agency, the disclosure does not operate as a waiver in a federal or state proceeding if:
>
> (1) the disclosure is inadvertent;
>
> (2) the holder of the privilege or protection took reasonable steps to prevent disclosure; and
>
> (3) the holder promptly took reasonable steps to rectify the error, including (if applicable) following Federal Rule of Civil Procedure 26 (b)(5)(B).

## D.  Changes in the Limitations on Discovery.

The parties identify no need for changes in the limitations on discovery, other than Defendants asserting that discovery should be stayed as set forth in their Motion to Stay Discovery (Dkt. No. 18).

## E.  Other Orders that the Court Should Issue under Rule 26(c) or under Rule 16(b-c).

Defendants have proposed a draft Protective Order, on which the parties met and conferred before submission to this Court.

The parties refer the Court to Section VI, *supra* as to scheduling matters.

## 8.    PROGRESS TOWARD SETTLEMENT.

Plaintiff made an offer of settlement which Defendants have declined.

## 9.    THE IDENTITY OF PERSONS EXPECTED TO BE DEPOSED.

## A.  Plaintiff's Position:

Plaintiff has noticed the following depositions which are proceeding under the Court's Order Governing Proceedings (ECF No. 14):

1. May 18, 2021 Nonparty Levi Walls

2. May 18, 2021 Defendant Rachel Gain

3. May 19, 2021 Nonparty Peter Kohanski

4. May 19, 2021 Defendant Frank Heidlberger

In addition to all Defendants, Plaintiff intends to depose UNT administrators Jennifer Cowley, John Richmond, Benjamin Brand, all members of the so-called "Ad Hoc Panel," and officials of the University of North Texas Press.

Plaintiff has served third-party discovery through Rule 45 Subpoenas and deposition on the following:

1. Francisco Guzman

2. Jennifer Cowley

3. Jennifer Wallach

4. Jincheng Du

5. John Ishiyama

6. Matthew Lemberger-Truelove

Plaintiff anticipates or has served third-party discovery through Rule 45 Subpoenas on the following and may also seek their deposition through live testimony:

1. The Society for Music Theory

2. Patricia Hall

3. Robert Hatten

4. Gretchen Horlacher

5. Philip Stoecker

6. Jocelyn Neal

13

7.   Inessa Bazayev

8.   Anna Gawboy

9.   Julian Hook

10. Jennifer Iverson

11. Nancy Yunhwa Rao

12. Leigh VanHandel

13. Philip Ewell

It is anticipated that these witnesses will yield evidence of the pretextual nature of the so-called "Ad Hoc Panel" as well as the malicious defamation of Timothy Jackson.

**B. Defendants' Position:**

Subject to the Court's ruling on Defendants' Motion to Stay Discovery (Dkt. No. 18), Defendants anticipate deposing Plaintiff, individuals who Plaintiff personally solicited to submit articles for the Journal of Schenkerian Studies, colleagues and other individuals to whom Plaintiff has or may have expressed views reflected in his submission to Volume 12, and possibly other individuals involved with the publication of Volume 12.

**10.   Estimated Trial Time and Whether a Jury Demand Has Been Timely Made.**

The parties estimate a trial time of four days. Plaintiff has made a jury demand.

**11.   Attorney's Appearing at the Management Conference.**

Michael Thad Allen will appear on behalf of Plaintiff. Matthew Bohuslav will appear on behalf of Defendants.

**12.   TRIAL BEFORE A MAGISTRATE JUDGE.**

The Parties do not consent to a trial before a magistrate judge.

13.    **ANY OTHER MATTERS.**

The Parties are aware of no additional matters that deserve the special attention of

the Court at the management conference.

                                            Respectfully submitted,

        DATE: May 6, 2021                    /s/Michael Thad Allen
                                             Michael Thad Allen, Esq.
                                             D. Conn. Bar No. CT29813
                                             admitted *pro hac vice*
                                             Lead Attorney
                                             ALLEN LAW, LLC
                                             PO Box 404
                                             Quaker Hill, CT  06375
                                             (860) 772-4738 (phone)
                                             (860) 469-2783 (fax)
                                             m.allen@allen-lawfirm.com

                                             Jonathan Mitchell
                                             Texas Bar No. 24075463
                                             MITCHELL LAW PLLC
                                             111 Congress Avenue, Suite 400
                                             Austin, Texas 78701
                                             (512) 686-3940 (phone)
                                             (512) 686-3941 (fax)
                                             jonathan@mitchell.law

                                             for PLAINTIFF


Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

SHAWN COWLES
Deputy Attorney General for Civil Litigation

THOMAS A. ALBRIGHT
Chief, General Litigation Division

*/s/ Matthew Bohuslav*
MATTHEW BOHUSLAV
Texas Bar No. 24069395
Assistant Attorney General
Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Phone: 512-463-2120
Fax: 512-320-0667
matthew.bohuslav@oag.texas.gov

**Attorneys for Defendants**


## CERTIFICATE OF SERVICE

I hereby certify that on the date specified in the caption of this document, I electronically filed the foregoing with the Clerk of Court, to be served on all parties of record via the CM/ECF system.

/s/Michael Thad Allen
Michael Thad Allen