IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| TIMOTHY JACKSON, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 4:21-cv-00033 |
| | § | |
| LAURA WRIGHT, et. al., | § | |
| *Defendants*. | § | |

_____

**AGREED AND STIPULATED PROTECTIVE ORDER**
_____

**THE PARTIES HEREBY STIPULATE AND AGREE AND THE COURT HEREBY ORDERS AS FOLLOWS:**

1.  Information and documents produced by the parties to this action, if reasonably believed by such producing party to be Confidential (as defined below), may be designated by such producing party as "Confidential." Except as otherwise provided in this Agreed and Stipulated Protective Order ("the Order" or "this Order"), such designation shall be made by clearly indicating on any document or information to be produced the phrase, "Confidential." "Protected Information" means information or any document designated "Confidential" and shall be treated as confidential by all parties, subject to the provisions of this Order. As used herein, the designation of information as Protected Information shall include all documents (including without limitation all copies, extracts, and summaries) containing, referring to, and reflecting such information. Nothing in this Order shall prevent any party from challenging the designation of

documents or information as Protected Information by presenting such dispute to the Court for in camera resolution.

2. <u>Definition of Confidential Information.</u>

    2.1    Subject to the limitations set forth in this Order, a designation of "Confidential" includes but is not limited to documents and information, whether embodied in any physical or electronic medium, that contains information which is not generally known to others, or is information which the producing party would not normally reveal to third parties except in confidence, or has undertaken with others to maintain in confidence, or is protected from disclosure under state or federal law. By way of example only, the non-exclusive types of Protected Information include those pertaining to a party's (a) infrastructure, such that revealing to the public such information could create a health, safety, or security risk, (b) non-public proprietary or confidential financial or business information, (c) trade secrets, (d) and sensitive or private personal information, including but not limited to social security numbers; and (e) information protected under the Family Educational Rights and Privacy Act ("FERPA").

    2.2    "Confidential" information includes, without limitation, documents, maps, blueprints, renderings, architectural drawings, exhibits, answers to discovery requests, deposition transcripts, pleadings, affidavits, declarations, briefs, motions, transcripts, or other writing containing such information, all of which may be designated as "Confidential" under this Order as appropriate. Information may also be designated "Confidential" if the producing party believes in good faith that the information falls within the right to privacy of protected health information guaranteed by the laws of the State of Texas, the United States, or any other applicable jurisdiction.

2.3     The designation of any information as "Confidential" shall not constitute an admission or adjudication that such material in fact constitutes or contains any trade secrets or is otherwise private, confidential, or proprietary in nature. A party shall designate as Protected Information only such information that the party in good faith believes in fact is confidential. Information that is generally available to the public or is in the public domain, such as public filings, catalogues, advertising materials, and the like, shall not be designated as Protected Information.

3.      <u>Designation of Protected Information.</u> Protected Information shall be stamped or otherwise designated "Confidential" by marking each page of the documents so designated with a stamp.   It shall be the responsibility of the producing party to designate Protected Information. This procedure shall be followed with regard to documents, exhibits, briefs, memoranda, interrogatory responses, responses to requests for admissions, or other materials. In the event the producing party inadvertently fails to designate a document or testimony as Protected Information, that producing party may make such a designation subsequently by promptly notifying the other parties in writing. Until such notification, however, disclosure of any such document or testimony shall not constitute a violation of this Order.

3.1     <u>Claw Back.</u> If Protected Information or privileged information is inadvertently produced, the party claiming it is Protected Information may notify any party that received the information of the claim and the basis for it. After being notified, a party that received the asserted privileged or protected information must promptly return or destroy the specified information and any copies of it; must not use or disclose the information until the claim of privilege or protection is resolved; must take reasonable steps to retrieve the information if the party disclosed it to others before being notified of the producing party's claim of privilege or protection; and may promptly

present the information to the Court under seal for a determination of the producing party's claim of privilege or protection. If a receiving party moves the Court for a determination of the producing party's claim of privilege or protection, then the producing party, in turn, must preserve the asserted privileged or protected information until the claim is resolved by the Court.

4. Portions of transcripts—whether of depositions, pre-hearing conferences, or hearings—may be designated as Protected Information by a statement on the record at the deposition or hearing, or by written designation to all parties within 30 days after receipt of the transcript. No person shall be present during portions of the depositions or hearings that are designated "Confidential" unless such person is authorized under the terms to this Order to receive such Protected Information or unless the producing party consents to such person being present. To the extent possible, the court reporter shall segregate into separate transcripts information designated as Protected Information with blank, consecutively numbered pages being provided in a non-designated main transcript. The separate transcript containing Protected Information shall have page numbers that correspond to the blank pages in the main transcript.

5. Any party shall retain the right to redact from Protected Information any such information that the party reasonably believes (a) should be redacted to protect irrelevant Protected Information, including but not limited to the identity of specific payers and the identity of a person or entity who is not a party to this action, and (b) the redaction of which will not impair the other parties' legitimate use of the information in this action. After attempting to reach a resolution with counsel for the opposing party, any party who believes that the redactions impair their legitimate use of the information in this action may make a motion to the Court for a determination of whether the redactions should remain.

6. All information produced by any party to an opposing party prior to the entry of this Order shall be subject to the terms and conditions of this Order if designated as Protected Information within 30 days of the entry of this Order.

7. <u>Disclosure of Protected Information Designated as "Confidential."</u>

Protected Information designated as "Confidential" may be disclosed only to the following persons:

(a) counsel(s) for the respective parties to this litigation, including any staff members assisting in the preparation for trial or appeal of the action;

(b) named parties, including any officers, directors, or employees thereof assisting in the preparation for trial or appeal of this action;;

(c) experts, consultants, or advisors (and their administrative or clerical staff) employed or retained by counsel(s) for the respective parties to perform investigative work, research, analysis or other services related to this action provided such experts, consultants, or advisors execute a Confidentiality Agreement in form agreed upon by the parties.;

(d) persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors, provided that such persons or entities execute Confidentiality Agreement in a form agreed upon by the parties, and all documents designated as "Confidential" are retrieved by the party furnishing those documents upon completion of the services.

(e) the Court, including any staff members assisting in the services of the Court, who require access to the Protected Information;

(f) court reporters and their staff;

(g) mediators chosen by or for the parties in this action provided such persons execute a Confidentiality Agreement pursuant to paragraph 8 below;

(h) deponents, during the course of their depositions, if the attorney making such disclosure obtains an executed Confidentiality Agreement in a form agreed upon by the parties, but only to the extent such deponents are shown Protected Information to which they have not authored, sent, or received in the regular course of their business duties;

(i) the author, addressees, and recipients of the document or any person who had access to such information by virtue of his/her employment;

(j) any member of the Texas Legislature who requests the information for legislative purposes pursuant to the Public Information Act, subject to the provisions found in Chapter 552 of the Texas Government Code, including Sections 552.002, 552.005, and 552.008; and

(k) any other person upon the written agreement of the party who designated the information as "Confidential," or pursuant to order of the Court.

8. The parties, and all persons who receive Protected Information as identified in this Order:

   (a) are prohibited from using or disclosing any Protected Information for any purpose other than the prosecution, defense, or appeal of the claims asserted in this action; and

   (b) not later than 120 days after the conclusion of this litigation and any appeal related to it, must (i) return the Protected Information (including all copies, extracts or summaries thereof) to the party that produced the Protected Information or (ii) certify in writing that it has destroyed all such Protected Information (including all copies or summaries thereof).

9. Any party designating a person as one who shall receive and review Protected Information shall use reasonable care and precaution to ensure that each such person observes the terms of this Order, including, but not limited to, showing each such person a copy of this Order and instructing each such person regarding compliance with the terms of this Order.

10. Nothing in this order shall prevent disclosure beyond the terms of this order if each party designating the information as Protected Information consents to such disclosure or if the court, after notice to all affected parties and nonparties, orders such disclosure. Nor shall anything in the order prevent any counsel of record from utilizing Protected Information in the examination or cross-examination of any expert witness; nor prevent any person who is indicated on the document as being an author, source, or recipient of the Protected Information from using the information as they otherwise would; nor prevent any person who has access to Protected Information by virtue of his/her employment, and not this litigation, from using the information as they otherwise would.

11.     The parties agree not to unnecessarily include Protected Information in documents to be filed with the Court, including but not limited to transcripts, depositions, exhibits, and pleadings, so as not to unnecessarily invoke the need to obtain a permanent or temporary sealing. The parties also agree to cooperate to secure a sealing order to permit Protected Information that is subject to be filed with the Court under seal.

12.     Copies of any motion, pleading, memorandum, or other document containing Protected Information shall be stamped on the cover page with the appropriate legend.

13.     The failure of any party to object to designation of information as Protected Information does not prevent the party from later objecting to such designation and requesting that the party be permitted to disclose the information without regard to the terms of this Order.

14.     At any time after receipt of Protected Information from another party, the receiving party may move the Court for an Order removing the designation and any restrictions attendant to that designation. At the hearing on any such motion, the designating party shall have the burden of demonstrating that the Protected Information addressed by the motion is entitled to that designation and its attendant protections.

15.     Nothing herein shall be construed to be an admission of relevance or to affect, in any way, the admissibility of any documents, testimony, or other evidence in this action. This Order is without prejudice to the right of any party to bring before the Court at any time the question of whether any particular information is or is not discoverable or admissible in this case, and such right is expressly reserved.

16.     This Order shall survive any settlement, judgment, or other disposition or conclusion of this action and all appeals therefrom, and any Court of competent jurisdiction may enforce the terms of this Order after the final termination of this action, whether by final award or settlement. Notwithstanding, the foregoing provision, a party may seek the written permission of the producing party or order of the court with respect to dissolution or modification of this, or any other, protective order.

17.     This Order shall not bar any attorney in the course of rendering advice to such attorney's client with respect to this litigation from conveying to any party client the attorney's evaluation in a general way of Protected Information produced or exchanged under the terms of this order

18.     Nothing in this Order shall prevent a party who has designated information as Protected Information from agreeing to release any of the information designated by it as Protected Information from the requirements of this Order.

19.     Nothing in this Order limits any designating party's use of its own information, nor shall it prevent the designating party from disclosing its own Protected Information or documents to any person. Such disclosure shall not affect any designations made pursuant to the terms of this Order, so long as the disclosure is made in a manner that is reasonably calculated to maintain the confidentiality of the information.

20.     Nothing in this Order bars the parties from agreeing to amend this Order, nor prevent any party from moving to amend this Order during or after the conclusion of this action. This Order shall not prejudice the rights of a party to apply to the Court for any additional protections as That party may consider appropriate.

21.     Neither the attorney-client privilege nor work product protection is waived by disclosure connected with this litigation.

22.     The parties have the right to seek any appropriate remedies and/or sanctions from the Court for any violations of this Order.

23.     Nothing contained herein constitutes an admission or a ruling that any party is not entitled to mandatory arbitration of any matter before the Court. This Order and any consent or agreement thereto shall not constitute a waiver of any party's right, if any, to compel arbitration.

24.     The parties' agreement to the provisions of this Order and to its entry by the Court does not waive any party's right to assert or deny that all or some of the claims asserted in this case are subject to arbitration, all such rights being expressly preserved.

25.     The parties may, by stipulation, provide for exceptions to this Order and any party may seek an order of this court modifying this Order.

　　　　IT IS SO ORDERED.
　　　　SIGNED this 11th day of May, 2021.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE