IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| TIMOTHY JACKSON, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 4:21-mc-00008 |
| | § | |
| LAURA WRIGHT, et. al., | § | |
| *Defendants*. | § | |

**BREIF IN SUPPORT OF MOVANTS' OPPOSED MOTION TO QUASH SUBPOENAS AND MOTION FOR PROTECTIVE ORDER**

Pursuant to Federal Rules of Civil Procedure 45 and 26(c), non-party movants Benjamin Brand, Jennifer Cowley, Jincheng Du, Francisco Guzman, John Ishiyama, Matthew Lemberger-Truelove, and Jennifer Wallach (collectively "Movants"), file this Brief in support of their Motion to Quash Subpoenas and Motion for Protective Order, and in support thereof, would show this Court the following:

## I.  INTRODUCTION

Movants are seven officials of the University of North Texas (UNT). Professor Timothy Jackson is a UNT faculty member who brought the underlying lawsuit against members of the UNT System Board of Regents claiming retaliation in violation of the First Amendment to the U.S. Constitution, as well as against seventeen professors and a graduate student teaching fellow claiming defamation.



Despite the fact that the underlying case is pending in the Eastern District of Texas, Sherman Division (the "Issuing Court"),[1] Plaintiff had issued subpoenas for Movants to produce documents in Fort Worth—where no party is located, no Movant is located, and no counsel in this litigation is located. That choice by Jackson now requires that this motion be filed in the Northern District of Texas instead of in the court where the litigation is already pending. *See* Fed. R. Civ. Pro. 45(d)(3). Movants are also concurrently filing a motion to transfer this motion to the Court where the underlying action lies pursuant to Rule 45(f) so that the court most familiar with this case can decide the issues presented here.

Not only does Jackson's choice of Fort Worth as the compliance location for the subpoenas result in an unnecessary waste of resources—both that of the parties' and of this Court's—but the subpoenas themselves subject Movants to an undue burden because sovereign immunity and Jackson's lack of standing prevent jurisdiction over the issuance of the subpoenas in the first place. Moreover, in subpoenaing documents from UNT officials that duplicate requests Jackson has already made to the parties themselves, Jackson inflicts an undue burden on Movants. Further, Jackson requests are overly broad, not reasonably limited in time and scope and unduly burdensome. Finally, the requests seek documents that are privileged.

## II. BACKGROUND

On January 14, 2021, Jackson filed his Complaint in the Issuing Court. *See* Exhibit A. Defendants timely filed a motion to dismiss and a motion to stay discovery. *See* Exhibits B and C. On April 28—the week before initial discloses were due—Jackson had subpoenas issued to

---

[1] The cause number for the underlying lawsuit in the Eastern District of Texas is 4:21-cv-00033.

Movants for the production of documents in Forth Worth for June 1. Exhibit D. After the parties filed their joint Rule 26(f) report, the Issuing Court canceled the previously scheduled Rule 16 management conference. The Issuing Court has not yet entered a scheduling order or ruled on Defendants' motions to dismiss and stay discovery.

## III.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 45(c) directs the court for the district where compliance is required to quash or modify a subpoena that "subjects a person to undue burden." FED. R. CIV. P. 45(d)(3)(A)(iv). Similarly, Rule 26(c) permits courts to, "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c).

## IV.    ARGUMENT

**A.    The subpoenas are void because the Issuing Court lacks jurisdiction to issue the subpoenas.**

The Issuing Court lacks jurisdiction to issue the subpoena, making them void and the burdens of compliance inherently undue. "Federal Rule of Civil Procedure 45 grants a district court the power to issue subpoenas as to witnesses and documents, but the subpoena power of a court cannot be more extensive than its jurisdiction." *U.S. Cath. Conf. v. Abortion Rts. Mobilization, Inc.*, 487 U.S. 72, 76 (1988). A nonparty witness can challenge a subpoena as "void" where "the issuing court lacks jurisdiction over the case." *Id.* For reasons set forth in the Defendants' Motion to Dismiss in the underlying lawsuit,[2] the Issuing Court lacks jurisdiction over the case because

---

[2] Defendants' Motion to Dismiss is attached hereto as Exhibit B, and Movants fully incorporate by reference the arguments set forth therein showing the issuing court's lack of jurisdiction over the lawsuit.

3

Jackson lacks standing to sue the Board Defendants and sovereign immunity bars his claims against them. He alleges only past injuries—not ongoing or imminent injuries—traceable to, and redressable by the Board Defendants. Similarly, he pleads no ongoing violation of federal law committed by the Board Defendants that would bring his claim within the *Ex Parte Young* exception of sovereign immunity.

Sovereign immunity (or Eleventh Amendment immunity)[3] is a jurisdictional bar that presents a threshold issue that must be resolved before discovery can proceed. "The Supreme Court has emphasized the importance of quickly resolving Eleventh Amendment claims because 'the value to the States of their Eleventh Amendment immunity . . . is for the most part lost as litigation proceeds past motion practice.'" *McCarthy ex. Rel. Travis v. Hawkins*, 381 F.3d 407, 420 (5th Cir. 2004) (citing *Puerto Rico Aqueduct & Sewer Auth. Metcalf & Eddy, Inc.*, 506 U.S. 139, 145 (1993)). One of the most "salient benefits" of immunity from suit is "protection from pretrial discovery, which is costly, time-consuming, and intrusive." *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012). Because the issuing court lacks jurisdiction over the underlying lawsuit in the first instance, the subpoenas are void and must be quashed. Otherwise, Movants, as UNT officials, will be subjected to the same intrusive discovery that immunity from suit is intended to prevent in the first place.

---

[3] Although often referred to as "Eleventh Amendment immunity" as a convenient shorthand, the phrase is "something of a misnomer, for the sovereign immunity of the States neither derives from, nor is limited by, the terms of the Eleventh Amendment." *Alden v. Maine*, 527 U.S. 706, 713 (1999).

### B. Even if not void, the subpoenas subject movants to an undue burden.

The subpoenas contain document requests that are duplicative of Jackson's discovery requests to Defendants and the requests are overbroad not reasonably limited in time and scope. Movants are UNT officials whose documents are the subject of Jacksons' requests for production from Defendants. For example, the subpoenas issued to Cowley, Du, Guzman, Ishiyama, Lemberger-Truelove, and Wallach request:

> **Request No. 1**: A reproduction of each record constituting a communication (including all attachments or exhibits) that implements, mentions, discusses, or contains any information concerning Timothy Jackson, the Journal of Schenkerian Studies, or the Ad Hoc Panel that investigated the Journal of Schenkerian Studies.
>
> **Request No. 2:** All drafts or versions of petitions or open letters that implement, mention, discuss, or contain any information concerning Timothy Jackson or the Journal of Schenkerian Studies, regardless of whether those drafts or versions of petitions or open letters were submitted to any administrative official or faculty member of the University of North Texas or otherwise published, including a list of all signatories to any such document.
>
> **Request No. 3**: All documents concerning evidence received by or considered by the Ad Hoc Panel that investigated the Journal of Schenkerian Studies, including but not limited to transcripts or recordings of interviews or other correspondence with witnesses.

The subpoena issued to Brand contains substantially the same requests with one additional request:

> **Request No 3.**: All correspondence between you and Levi Walls concerning Timothy Jackson, including but not limited to any alleged efforts at "whistleblowing" related to Timothy Jackson's role on the Journal of Schenkerian Studies or any allegedly racist actions or behaviors of Timothy Jackson.

Jackson served the following overlapping requests for production on Defendants in the underlying lawsuit:

**Request No. 1 :** All documents concerning the "Ad Hoc Panel," including but not limited to transcripts or recordings of interviews of other correspondence with witnesses or administrators concerning the alleged work of the "Ad Hoc Panel."

**Request No. 4**: All documents of Provost Jennifer Cowley concerning the "Ad Hoc Panel," Timothy Jackson, the Journal, or Center.

**Request No. 7**: All correspondence between Levi Walls and Benjamin Brand concerning Timothy Jackson from *November 2019 to present,* including but not limited to any alleged efforts at "whistleblowing" related to the Journal or Center, or related to allegedly racist actions or behaviors of Timothy Jackson.

**Request No. 11**: All documents in the possession, custody, or control of Chair Benjamin Brand, including those disseminated through social media of any kind or private, non-UNT email, text message, direct message, or other communications platform, concerning communications or statements made or received concerning Timothy Jackson, the Center, or the Journal.

**Request No. 12:** All drafts or versions of petitions or open letters . . . whether or not submitted to any administrative official or faculty member of UNT or otherwise published, including a list of all signatories to any such document.

The fact that documents of UNT officials are the subject of both the discovery requests pursuant to Rule 34 and subpoenas pursuant to Rule 45 requires an unnecessary and undue duplication of effort which is compounded by the need for thorough review of the documents for privilege and for confidentiality pursuant to the Family Educational Rights and Privacy Act (FERPA). The subpoenas, by design or otherwise, also shorten the timeframe for responding to the document requests that overlap with Jackson's requests pursuant to Rule 34. The issuing court has not yet entered a scheduling order in this case and Defendants' motion to dismiss and Motion to Stay Discovery remain pending. Nevertheless, Defendants have produced over 1400 pages of documents and continue to produce documents on a rolling basis based on Jackson's stated

preference to prioritize documents associated with his defamation claims.[4] None of the Movants were served with a subpoena 30 days in advance of the June 1, 2021 deadline for compliance. Brand was only served on May 18, 2021 and it is not clear that all Movants have even be served yet. Finally, the subpoenas also require that the documents be produce in Fort Worth, where no Party, Movant, or counsel is located which is inherently burdensome without any justification.

The subpoenas are also unduly burdensome because the document requests are overbroad and not reasonably limited in time or scope. For example, the subpoenas requests documents "concerning" Timothy Jackson and the Journal of Schenkerian Studies without regard as to whether the documents have any bearing on this case. Further, the requests seek documents from January 1, 2019 to present without any justification for that timeframe. November 2019 is the earliest relevant period because that is when the talk by Professor Ewell occurred which later became the subject of Volume 12 of the Journal of Schenkerian Studies at issue in this case. And for the five out of seven Movants whose only involvement as alleged by Jackson is their participation in the Ad Hoc Panel, the relevant timeframe is only from July 2020—when Volume 12 was published—to November 25, 2020—when the Ad Hoc Panel's report was released.

C. **The Subpoenas seek documents protected by the attorney-client and work-product privileges.**

The breadth of the subject matter and timeframe of the document requests necessarily cover documents that are protected by the attorney-client and work-product privileges. Renaldo

---

[4] Jackson has already taken the deposition of four UNT officials which he set in Dallas—30 minutes from the UNT campus—without first conferring with counsel regarding dates or location.

Stowers, Counsel for UNT in the UNT System Office of General Counsel, has reviewed documents responsive to the subpoenas which contain information protected by the attorney-client and work-product privileges. Exhibit E. Such documents include communications between Mr. Stowers and each of the Movants in which he provided legal advice as well as documents prepared for the purpose of the underlying litigation. *Id.*

## V. CONCLUSION

For the foregoing reasons, Movants respectfully request that the Court quash the subpoenas, and enter a protective order to prevent Movants from having to comply with the subpoenas.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

SHAWN COWLES
Deputy Attorney General for Civil Litigation

THOMAS A. ALBRIGHT
Chief, General Litigation Division

*/s/ Matthew Bohuslav*
MATTHEW BOHUSLAV
Texas Bar No. 24069395
Assistant Attorney General
Office of the Attorney General

P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Phone: 512-463-2120
Fax: 512-320-0667
matthew.bohuslav@oag.texas.gov
***Attorneys for Defendants***

## CERTIFICATE OF CONFERENCE

I certify that on May 19, 2021, I conferred with Plaintiff's counsel, Michael Allen, regarding the substance of this motion who indicated that Plaintiff was opposed to the relief requested in this motion.

*/s/ Matthew Bohuslav*
MATTHEW BOHUSLAV
Assistant Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of May, 2021, I served the counsel of record for Plaintiff in the underlying lawsuit that gives rise to this motion via email at:

Jonathan F. Mitchell
Mitchell Law, PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
jonathan@mitchell.law

Michael Thad Allen, Esq.
Allen Law, LLC
PO BOX 404
Quaker Hill, CT 06375
m.allen@allen-lawfirm.com
***Attorneys for Plaintiff***

*/s/ Matthew Bohuslav*
MATTHEW BOHUSLAV
Assistant Attorney General