IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

TIMOTHY JACKSON,
　　　*Plaintiff,*

v.                                                    C.A. No. 4:21-cv-00033

LAURA WRIGHT, ET AL.,
　　　*Defendants.*

**DEFENDANTS' OPPOSED MOTION TO STAY PROCEEDINGS PENDING APPEAL**

Defendants, Laura Wright, Milton B. Lee, Melisa Denis, Mary Denny, Daniel Feehan, A.K. Mago, Carlos Munguia, and G. Brint Ryan, each in their official capacities as members of the Board of Regents for the University of North Texas ("UNT") System ("Board Defendants"); Rachel Gain; Ellen Bakulina; Andrew Chung; Diego Cubero; Steven Friedson; Rebecca Dowd Geoffroy-Schwinden; Benjamin Graf; Frank Heidlberger; Bernardo Illari; Justin Lavacek; Peter Mondelli; Margaret Notley; April L. Prince; Cathy Ragland; Gillian Robertson; Hendrik Schulze; Vivek Virani; and Brian F. Wright ("Defamation Defendants") (collectively "Defendants"), file this Motion to Stay Proceedings Pending Appeal to the United States Court of Appeals for the Fifth Circuit.

On January 18, 2022, the Court entered its Order denying Defendants' Motion to Dismiss.[1] Defendants moved to dismiss all claims based on, among other things, sovereign immunity and Plaintiff's lack of standing.[2] On February 1, 2022, Defendants filed their Notice of Appeal.[3]

---

[1] Dkt. 47.
[2] Dkt. 8, 21.
[3] Dkt. 48.

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) "[A] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously." *Id.* "When one aspect of a case is before the appellate court on interlocutory review, the district court is divested of jurisdiction over that aspect of the case." *Dayton Indep. Sch. Dist. v. U.S. Mineral Prods. Co.*, 906 F.2d 1059, 1063 (5th Cir. 1990). District courts lack "power to 'alter the status of [a] case as it rests before the Court of Appeals.'" *Id.* (quoting *Coastal Corp. v. Tex. E. Corp.*, 869 F.2d 817, 820 (5th Cir. 1989)).

Defendants' appeal divests this Court of jurisdiction because Defendants asserted threshold jurisdiction challenges against all claims brought by Plaintiff in this lawsuit.[4] And this includes the state law claims based on the Court's finding that "both the First Amendment and the defamation claims arise from a common nucleus of operative fact." Dkt. 47 at 27. This appeal will necessarily subsume and address all aspects of this Court's order.

Subjecting any of the Defendants to further litigation would be unreasonable for several reasons. First, continuing litigation in the district court would impermissibly erode the protections afforded by the sovereign-immunity defense. And it would defy the Fifth Circuit's directive to resolve the sovereign-immunity question *first* before further litigation proceeds. *See Caremark*, 584 F.3d at 658. Second, proceeding on any aspect of the litigation would be an inefficient, and potentially entirely unnecessary, use of Court and State resources. Even if the Fifth Circuit chooses

---

[4] *See Whole Woman's Health*, 2021 WL 4128951, at *6 ("[T]he notice appealing the order 'divest[s] the district court of its control over those aspects of the case involved in the appeal.'") (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)); *see also Wooten v. Roach*, 964 F.3d 395, 412 (5th Cir. 2020); *Williams v. Brooks*, 996 F.2d 728, 729–30 (5th Cir. 1993).

only to reverse this Court's findings as to the federal claims, this will certainly impact this Court's ability to exercise supplemental jurisdiction over Plaintiff's state law claims. Thus, movement forward on any of Plaintiff's claims in this case will cause an unnecessary, substantial expenditure of resources, at worst, or an inefficient division of this case where Plaintiff's claims are at two different stages in the litigation, at best. A stay is both required based on Fifth Circuit jurisprudence and inherently logical.

Accordingly, this Court should enter an order recognizing that all proceedings have been stayed as a result of Defendants' appeal and shall remain stayed until the appeal is resolved by the Fifth Circuit.

**PRAYER**

Defendants pray that this Court stay all proceedings and pending deadlines in this case while their appeal is considered by the Fifth Circuit Court of Appeals.

Dated: February 1, 2022

Respectfully Submitted.

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**GRANT DORFMAN**
Deputy First Assistant Attorney General

**SHAWN COWLES**
Deputy Attorney General for Civil Litigation

**THOMAS A. ALBRIGHT**
Division Chief
General Litigation Division

*/s/ Courtney Corbello*
**COURTNEY CORBELLO**
Attorney-in-Charge
Assistant Attorney General
Texas State Bar No. 24097533
*courtney.corbello@oag.texas.gov*

General Litigation Division
Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711-2548
(512) 463-2120 / Fax (512) 936-2109
**ATTORNEYS FOR DEFENDANTS**

### CERTIFICATE OF SERVICE

I certify that on February 1, 2022 the foregoing was filed electronically via the Court's CM/ECF system, causing electronic service upon all counsel of record.

*/s/ Courtney Corbello*
**COURTNEY CORBELLO**
Assistant Attorney General

### NOTICE OF ELECTRONIC FILING

I, **COURTNEY CORBELLO**, Assistant Attorney General of Texas, certify that I have electronically submitted for filing, a true and correct copy of the above and foregoing in accordance with the Electronic Case Files system of the United States District Court for the Eastern District of Texas, on February 1, 2022.

*/s/ Courtney Corbello*
**COURTNEY CORBELLO**
Assistant Attorney General

### CERTIFICATE OF CONFERENCE

I hereby certify that I have conferred with counsel of record regaring the relief requested in this motion. Counsel has informed me that Plaintiff is opposed.

*/s/ Courtney Corbello*
**COURTNEY CORBELLO**
Assistant Attorney General