UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

**Timothy Jackson**,

        Plaintiff,

v.

**Laura Wright**, et al.,

        Defendants.

Case No. 4:21-cv-00033-ALM

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO STAY PROCEEDING PENDING APPEAL AND MOTION TO CERTIFY APPEAL AS DILATORY**

On January 18, 2022, this Court denied the defendants' motion to dismiss. *See* Order, ECF No. 47. The defendants took an interlocutory order because this Court rejected a sovereign-immunity defense. *See Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 147 (1993) ("States and state entities that claim to be 'arms of the State' may take advantage of the collateral order doctrine to appeal a district court order denying a claim of Eleventh Amendment immunity."); *McCarthy ex rel. Travis v. Hawkins*, 381 F.3d 407, 411–12 (5th Cir. 2004) ("Under the collateral order doctrine, this court has jurisdiction over an interlocutory appeal from a denial of a motion to dismiss asserting Eleventh Amendment immunity.").

The defendants are asking this Court to stay its proceedings while they pursue their interlocutory appeal, but that request should be denied. A notice of appeal cannot divest a district court of jurisdiction if the appeal is frivolous or dilatory. Although "the filing of a non-frivolous notice of interlocutory appeal following a district court's denial of a defendant's immunity defense divests the district court of jurisdiction to proceed against that defendant," *Williams v. Brooks*, 996 F.2d 728, 730 (5th Cir.

1993), this does not short circuit the Plaintiff's case here. This is because "a district court is permitted to maintain jurisdiction over an interlocutory appeal of an immunity denial after certifying that the appeal is frivolous or dilatory." *BancPass, Inc. v. Highway Toll Admin., L.L.C.*, 863 F.3d 391, 400 (5th Cir. 2017).

The defendants' sovereign-immunity arguments are baseless. The plaintiff's claims fall squarely within the *Ex parte Young* exception to sovereign immunity, as they allege a violation of federal law and seek prospective relief. *See Verizon Maryland, Inc. v. Public Service Comm'n of Maryland*, 535 U.S. 635, 645 (2002) ("In determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a 'straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" (citation omitted)).

The Court recognized as much in its order of January 18, 2022. *See* Order, ECF No. 47, at 23–26. And there is no conceivable basis for doubting the Court's conclusions, as Mr. Jackson's complaint specifically alleges an ongoing violation of federal law[1] and specifically asks the Court to "enjoin" the Board of Regents "from taking any adverse action against Professor Jackson in response to the publication of the symposium or his criticisms of Professor Ewell." Complaint, ECF No. 1, ¶ 64.

The defendants have every right to appeal the Court's ruling, but they cannot be allowed to delay these proceedings by choosing to pursue a losing sovereign-immunity argument on appeal.

---

1. *See* Complaint, ECF No. 1, ¶ 62 ("The University of North Texas and its officials *are retaliating against* Professor Timothy Jackson for his criticisms of Philip Ewell, in violation of Professor Jackson's rights under the First and Fourteenth Amendments." (emphasis added)).

## CONCLUSION

The defendants' motion to stay proceedings pending appeal should be denied. The Court should certify the defendants' appeal as dilatory and retain jurisdiction over these proceedings.

          Respectfully submitted.

          /s/ Jonathan F. Mitchell
          Jonathan F. Mitchell
          Texas Bar No. 24075463
          Mitchell Law PLLC
          111 Congress Avenue, Suite 400
          Austin, Texas 78701
          (512) 686-3940 (phone)
          (512) 686-3941 (fax)
          jonathan@mitchell.law

          Michael Thad Allen*
          *Lead Attorney*
          Connecticut Bar No. 435762
          Allen Law, LLC
          Post Office Box 404
          Quaker Hill, Connecticut 06375
          (860) 772-4738 (phone)
          (860) 469-2783 (fax)
          m.allen@allen-lawfirm.com

          * admitted *pro hac vice*

Dated: February 15, 2022          *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

      I certify that on February 15, 2022, I served this document through CM/ECF upon:

COURTNEY CORBELLO
Assistant Attorney General
General Litigation Division
Post Office Box 12548
Austin, Texas 78711-2548
(512) 463-2080 (phone)
(512) 320-0667 (fax)
courtney.corbello@oag.texas.gov

*Counsel for the Defendants*

                                            /s/ Jonathan F. Mitchell
                                            JONATHAN F. MITCHELL
                                            *Counsel for Plaintiff*