IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| TIMOTHY JACKSON,<br>　*Plaintiff,*<br><br>v.<br><br>LAURA WRIGHT, ET AL.,<br>　*Defendants.* | C.A. No. 4:21-cv-00033 |

**DEFENDANTS' REPLY IN SUPPORT OF OPPOSED MOTION TO STAY PROCEEDINGS PENDING APPEAL**

Defendants file this Reply in Support of their Motion to Stay Proceedings Pending Appeal to the United States Court of Appeals for the Fifth Circuit (Dkt. 48) and Opposition to Plaintiff's Motion to Certify Defendant's Motion as Dilatory (Dkt. 51).

**ARGUMENT**

Plaintiff's Response (Dkt. 51) fails to provide a legitimate basis for this Court to exercise jurisdiction over claims currently on appeal to the Fifth Circuit. Plaintiff readily acknowledges that jurisprudence requires a divestiture of the district court's jurisdiction upon interlocutory appeal of that court's order denying an immunity defense. Dkt. 51 at 1 (quoting *Williams v. Brooks*, 996 F.2d 728, 730 (5th Cir. 1993)). In an attempt to side-step this reality, however, Plaintiff asks this Court to certify Defendants' appeal as frivolous or dilatory. *Id.*

Indeed, the Fifth Circuit has recognized only one exception to the rule that a notice of appeal divests a district court of jurisdiction over all issues on appeal. District courts may maintain jurisdiction if they certify that the appeal is frivolous or dilatory. *United States v. Dunbar*, 611 F.2d 985, 987 (5th Cir. 1980). Even then, the courts emphasize that this exception "is a permissive one"

and that "[s]uch a power must be used with restraint.'" *BancPass, Inc. v. Highway Toll Admin., L.L.C.*, 863 F.3d 391, 399 (5th Cir. 2017).

Frivolousness, which is a plaintiff's burden to prove, requires a court to conclude that "nothing can be said on the other side." *Id*. An appeal is frivolous only when "[t]here can be no doubt, absolutely no doubt, that [an argument] was totally devoid of merit," *Dunbar*, 611 F.2d at 987. Alternatively, an appeal can be frivolous when it "involves legal points that are not arguable on their merits." *Sturgeon v. Airborne Freight Corp.*, 778 F.2d 1154, 1161 (5th Cir. 1985).

Plaintiff appears to suggest it would be proper for this Court to certify Defendants' appeal as frivolous when he claims their "sovereign-immunity arguments are baseless" as evidenced by this Court "recogniz[ing] as much in its order of January 18, 2022." Dkt. 51 at 2. But, importantly, Plaintiff never goes so far as to actually ask the Court to do so in his conclusion or in his proposed order. Indeed, such an ask based on Plaintiff's minimal argument is wholly improper. Defendants have "ma[de] a rational argument on the law or facts." *Coppedge v. United States*, 369 U.S. 438, 448 (1962). And nothing in the Court's opinion suggests Defendants' arguments are "totally devoid of merit." Instead, the length of the opinion and depth of analysis demonstrate that Defendants raised arguments of significance. While both this Court and Plaintiff may disagree with Defendants' arguments, disagreement does not equate to frivolousness.

Moreover, Plaintiff's assertion that Defendants' appeal is frivolous because his claim falls within *Ex parte Young* is overly simplistic. Dkt. 51 at 2. Many plaintiffs believe their claims fall within *Ex parte Young*'s exception to immunity only to learn on appeal that they do not. *See, e.g.*, *Haverkamp v. Linthicum*, 6 F.4th 662, 672 (5th Cir. 2021); *City of Austin v. Paxton*, 943 F.3d 993, 1004 (5th Cir. 2019). And the Fifth Circuit itself has recognized that the "some connection"

portion of its *Ex parte Young* jurisprudence is still "unsettled." *Tex. Democratic Party v. Abbott*, 961 F.3d 389, 400 (5th Cir. 2020); *see also* Dkt. 21 at 5 (arguing Board Defendants lack sufficient connection to conduct complained of). It cannot be frivolous to make arguments on issues the Fifth Circuit has not fully resolved. *See Tex. Democratic Party v. Hughs*, 974 F.3d 570, 571 (5th Cir. 2020) (per curiam) (declining to dismiss appeal as frivolous because *Ex parte Young* issue was unsettled).

Plaintiff is only so bold as to directly ask this Court to certify Defendants' appeal as dilatory. Dkt. 51 at 3. But even if Plaintiff offered any authority that supports retaining jurisdiction over a *non-frivolous*, dilatory appeal – he did not – such a result is error here. First, other than the natural delay that occurs in any interlocutory appeal, there is nothing dilatory in Defendants' appeal here. Defendants filed their notice of appeal on February 1, 2021, which was *sixteen* days earlier than the federal rules require. Fed. R. App. P. 4(a)(1)(A). Second, none of Defendants' past actions in this case suggest a dilatory intent. Defendants have acted promptly and efficiently at every stage of the litigation. Defendants waived service of the complaint (Dkts. 4-0 – 5-7), filed a timely motion to dismiss on sovereign immunity grounds (Dkt. 8) and served initial disclosures and responses to two different sets of requests for production (Ex. A – letters confirming service from defense counsel to plaintiff's counsel).

Plaintiff has made the choice to sue state officers, and those state officers have every right to litigate their immunity defense in full prior to being subjected to suit. He also elected to ask this court to exercise supplemental jurisdiction over 18 individual state law claims. But a stay is warranted as to the Defamation Defendants as well because exercising jurisdiction over only those Defendants going forward would be inefficient and potentially waste resources – two points that Plaintiff does not dispute. Additionally, denying a stay would effectively deprive the Defamation

Defendants of the right to assert Texas Anti-SLAPP protection (Texas Citizen Protection Act, Chapter 27 Texas Civil Practices & Remedies Code).

This is a significant prejudice. After all, when confronted with a motion to dismiss under the TCPA, the court must determine "by a preponderance of the evidence" whether the action relates to a party's exercise of First Amendment rights. Tex. Civ. Prac. & Rem. Code § 27.005(b)(1)-(3). The court must also determine whether there is "clear and specific evidence" that a plaintiff can meet each element of his claim. *Id.* at § 27.005(c). The Fifth Circuit has described the standard for an Anti-SLAPP motion as "exceed[ing] the plaintiff's Rule 56 burden to defeat summary judgment." *Klocke v. Watson*, 936 F.3d 240, 246 (5th Cir. 2019), as revised (Aug. 29, 2019). And this standard must be met without pre-decisional discovery unless "good cause" is shown. Tex. Civ. Prac. & Rem. Code § 27.003(c). Although an Anti-SLAPP motion would be available to the Defamation Defendants upon remand or refiling in state court, such a motion is not available in federal court. A stay of the litigation in its entirety would ensure Defamation Defendants do not face such a substantial prejudice until and unless absolutely necessary.

That Plaintiff does not like the unavoidable delay that Defendants' pending appeal causes is not a reason to certify Defendants' appeal as dilatory or frivolous. And because this is the only basis Plaintiff opposes a stay on – and it lacks merit – any other argument against a stay in this case has been waived and a stay should issue. *See Miller v. SLT Dealer Group Ltd.*, No. CV H-08-1546, 2008 WL 11389413, at *2 (S.D. Tex. Aug. 8, 2008) ("the Court regards Plaintiffs' failure to respond as a representation of no opposition to the legal arguments submitted by Defendants"); *see also* L.R. CV-7 (d) ("A party's failure to oppose a motion in the manner prescribed herein

creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion.").

**PRAYER**

Defendants pray that this Court deny Plaintiff's motion to certify their appeal as dilatory and stay all proceedings and pending deadlines in this case while their appeal is considered by the Fifth Circuit Court of Appeals.

Dated: February 23, 2022

                        Respectfully Submitted.

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**GRANT DORFMAN**
Deputy First Assistant Attorney General

**SHAWN COWLES**
Deputy Attorney General for Civil Litigation

**THOMAS A. ALBRIGHT**
Division Chief
General Litigation Division

*/s/ Courtney Corbello*
**COURTNEY CORBELLO**
Attorney-in-Charge
Assistant Attorney General
Texas State Bar No. 24097533
*courtney.corbello@oag.texas.gov*

General Litigation Division
Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711-2548
(512) 463-2120 / Fax (512) 936-2109

6 | P a g e

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I certify that on February 23, 2022 the foregoing was filed electronically via the Court's CM/ECF system, causing electronic service upon all counsel of record.

                                             */s/ Courtney Corbello*
                                             **COURTNEY CORBELLO**
                                             Assistant Attorney General

**NOTICE OF ELECTRONIC FILING**

I, **COURTNEY CORBELLO**, Assistant Attorney General of Texas, certify that I have electronically submitted for filing, a true and correct copy of the above and foregoing in accordance with the Electronic Case Files system of the United States District Court for the Eastern District of Texas, on February 23, 2022.

                                             */s/ Courtney Corbello*
                                             **COURTNEY CORBELLO**
                                             Assistant Attorney General