# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| TIMOTHY JACKSON<br>　　*Plaintiff,*<br>v.<br><br>LAURA WRIGHT, et al.<br>　　*Defendants.* | §<br>§<br>§   Civil Action No. 4:21-cv-00033<br>§   Judge Mazzant<br>§<br>§ |

## **ORDER**

Pending before the Court is Defendants' Motion to Stay Proceedings Pending Appeal (Dkt. #49). Having considered the motion and the relevant pleadings, the Court finds the motion should be **GRANTED**.

This Court denied Defendant's Motion to Dismiss (Dkt. #8) on January 18, 2022, finding that Plaintiff had standing, Defendants were not entitled to sovereign immunity, and Plaintiff had stated claims upon which relief could be granted (Dkt. #47). Defendants filed the present motion asking this Court to stay all proceedings pending appeal of the Court's finding that Defendants do not have sovereign immunity to avoid suit in this case (Dkt. #49). Plaintiff filed his response in opposition on February 15, 2022 (Dkt. #51), asserting that the appeal was frivolous and dilatory and, therefore, this Court should certify the appeal as such and deny the motion to stay. Defendants filed their reply on February 23, 2022, reaffirming why their appeal was neither frivolous nor dilatory (Dkt. #52).

Defendant's interlocutory appeal is timely and appropriate: "States and state entities that claim to be 'arms of the State' may take advantage of the collateral order doctrine to appeal a district court order denying a claim of Eleventh Amendment immunity." *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 147 (1993). The Fifth Circuit has held that "a district court is permitted to maintain jurisdiction over an interlocutory appeal of an immunity

denial after certifying that the appeal is frivolous or dilatory." *BancPass, Inc. v. Highway Toll Admin., L.L.C.*, 863 F.3d 391, 400 (5th Cir. 2017). However, "[s]uch a power must be used with restraint." *Id.* (internal quotations and citations omitted); *Gruver v. Bd. of Supervisors of Louisiana State Univ.*, No. CV 18-772, 2019 WL 6245421, at *3 (M.D. La. Nov. 22, 2019).

Plaintiff baldly asserts that the Court should deny the present motion and certify the appeal as frivolous and dilatory because the arguments are meritless (Dkt. #51). The Court finds Defendants' appeal is neither frivolous nor dilatory. As Defendants correctly recognize, an appeal is frivolous when "[t]here can be no doubt, absolutely no doubt, that [an argument] was totally devoid of merit," *United States v. Dunbar*, 611 F.2d 985, 987 (5th Cir. 1980) or when it "involves legal points that are not arguable on their merits." *Sturgeon v. Airborne Freight Corp.*, 778 F.2d 1154, 1161 (5th Cir. 1985). Defendants' sovereign immunity defense is neither. Indeed, the claim of sovereign immunity is "too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Martin v. Halliburton*, 618 F.3d 476, 482 (5th Cir. 2010) (internal quotations and citations omitted). Further, that the Court went to such lengths in its analysis denying the Motion to Dismiss demonstrates the complexity of the legal and factual issues presented in this case. Such complexity warrants a stay pending appeal.

Additionally, the claim is not dilatory, and Plaintiff offers no explanation as to how it could be. Defendants filed their appeal weeks before the deadline under Federal Rule of Appellate Procedure 4(a)(1)(A). The Court also recognizes that "Defendants have acted promptly and efficiently at every stage of the litigation" (Dkt. #52). For these reasons, a stay pending appeal is appropriate.

It is therefore **ORDERED** that Defendants' Motion to Stay Proceedings Pending Appeal (Dkt. #49) is hereby **GRANTED**.

It is further **ORDERED** that all proceedings and pending deadlines in this case are hereby **STAYED** pending the resolution of the appeal of this Court's Memorandum and Opinion (Dkt. #47).

**IT IS SO ORDERED.**
SIGNED this 8th day of March, 2022.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE