UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| TIMOTHY JACKSON, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 4:21-cv-00033-ALM |
| | § | |
| LAURA WRIGHT, et al., | § | JURY |
| | § | |
| *Defendants.* | § | |

## DEFENDANTS' ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE U.S. DISTRICT JUDGE AMOS L. MAZZANT:

Defendants Laura Wright, Milton B. Lee, Melisa Denis, Mary Denny, Daniel Feehan, A.K. Mago, Carlos Munguia, and G. Brint Ryan, each in their official capacities as members of the Board of Regents for the University of North Texas ("UNT") System ("Board Defendants"); and Defendants Rachel Gain, Ellen Bakulina, Andrew Chung, Diego Cubero, Steven Friedson, Rebecca Dowd Geoffroy-Schwinden, Benjamin Graf, Frank Heidlberger, Bernardo Illari, Justin Lavacek, Peter Mondelli, Margaret Notley, April L. Prince, Cathy Ragland, Gillian Robertson, Hendrik Schulze, Vivek Virani, and Brian F. Wright ("Defamation Defendants") (collectively "Defendants") respectfully file this Original Answer to Plaintiff's Original Complaint (the "Complaint"). Defendants also demand a trial by jury.

### ANSWER TO INTRODUCTORY PARAGRAPHS

No response is required to Plaintiff's unnumbered introductory statement on pages 1–3 of the Complaint, summarizing the nature of the lawsuit, because it does not comply with Fed. R. Civ. P. 10(b). Because this section does not contain allegations in numbered paragraphs, each of

which is limited to "a single set of circumstances," Fed. R. Civ. P. 10(b), responding to any allegations contained in this section is not practically feasible or reasonable.  To the extent this introductory section purports to contain any factual allegations, Defendants refer Plaintiff to their specific admissions and denials of those factual allegations in subsequent numbered paragraphs.

## ANSWER TO JURISDICTION AND VENUE

1. Defendants deny the allegations in paragraph 1.

2. Defendants admit that venue is proper.  Defendants deny that all the Defendants currently reside in the State of Texas.

## ANSWER TO PARTIES

3. Defendants do not know what Plaintiff means by "distinguished the University of North Texas and its music program for almost 20 years." Defendants therefore state that they lack knowledge or information sufficient to form a belief about the truth of that allegation.  Defendants admit the remaining allegations in paragraph 3.

4. Defendants admit the allegations in paragraph 4.

5. Defendants deny the allegations in paragraph 5.

6. Defendants admit the allegations in paragraph 6.

7. Defendants deny the allegations in paragraph 7.

8. Defendants admit the allegations in paragraph 8.

9. Defendants admit the allegations in paragraph 9.

10. Defendants admit the allegations in paragraph 10.

11. Defendants deny the allegations in paragraph 11.

12. Defendants deny the allegations in paragraph 12.

13. Defendants admit the allegations in paragraph 13.

14. Defendants admit the allegations in paragraph 14.

15. Defendants admit the allegations in paragraph 15.

16. Defendants admit the allegations in paragraph 16.

17. Defendants admit the allegations in paragraph 17.

18. Defendants admit the allegations in paragraph 18.

19. Defendants admit the allegations in paragraph 19.

20. Defendants admit the allegations in paragraph 20.

21. Defendants admit the allegations in paragraph 21.

22. Defendants deny the allegations in paragraph 22.

23. Defendants admit that Margaret Notley was a resident and citizen of Texas when this suit was originally served. Defendants lack knowledge or information sufficient to form a belief about Ms. Notley's current residency and citizenship.

24. Defendants admit the allegations in paragraph 24.

25. Defendants admit the allegations in paragraph 25.

26. Defendants admit the allegations in paragraph 26.

27. Defendants admit the allegations in paragraph 27.

28. Defendants admit the allegations in paragraph 28.

29. Defendants admit the allegations in paragraph 29.

## ANSWER TO FACTS

30. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 30.

31. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 31.

32. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 32.

33. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 33.

34. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 34.

35. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 35.

36. Defendants admit that the Center for Schenkerian Studies at UNT is named after Heinrich Schenker, and that Plaintiff directs that Center. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 36.

37. Defendants admit the allegations in paragraph 37.

38. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 38.

39. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 39.

40. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 40.

41. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 41.

42. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 42.

43. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 43.

44. Defendants admit that the Journal for Schenkerian Studies sent a call for papers to members of the Society for Music Theory, in response to an address by Professor Ewell, and that certain responses to this call were published by the Journal in its Volume 12, under the label of a "symposium." Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 44.

45. Defendants admit that some of the responses published in Volume 12 of the Journal are largely favorable to Professor Ewell's address, and that most of the responses are critical. Defendants further admit that the document attached as Exhibit C to Plaintiff's affidavit (ECF No. 1-4) appears to be a true and correct copy of the published responses. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 45.

46. Defendants admit that Plaintiff authored the response described in paragraph 46, and that this response was critical of Professor Ewell. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 46.

47. Defendants admit that Plaintiff's referenced quotation in paragraph 47 refers to Schenker's letters and diary, but deny that it also mentions Schenker's articles and books. Defendants lack knowledge or information sufficient to form a belief about the truth of any remaining allegations in paragraph 47.

48. Defendants admit that Plaintiff criticized Professor Ewell as described in paragraph 48. Defendants lack knowledge or information sufficient to form a belief about the truth of any remaining allegations in paragraph 48.

49. Defendants admit that Plaintiff criticized Professor Ewell as described in paragraph 49. Defendants lack knowledge or information sufficient to form a belief about the truth of any remaining allegations in paragraph 49.

50. Defendants admit that Plaintiff criticized Professor Ewell as described in paragraph 50. Defendants lack knowledge or information sufficient to form a belief about the truth of any remaining allegations in paragraph 50.

51. Defendants admit that Plaintiff criticized Professor Ewell as described in paragraph 51. Defendants lack knowledge or information sufficient to form a belief about the truth of any remaining allegations in paragraph 51.

52. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 52.

53. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 53.

54. Defendants admit that the quotation in paragraph 54 appears to be a true and correct quotation from the document referenced (ECF No. 1-5 at 19). Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 54.

55. Defendants admit that the quotations in paragraph 55 appear to be true and correct quotations from the document referenced (ECF No. 1-5 at 20–21). Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 55.

56. Defendants admit that Rachel Gain shared on her Twitter feed (now known as X) a copy of the statement reflected in ECF No. 1-5 at 20–21. Defendants deny that this statement was defamatory and deny that Rachel Gain published any "defamatory attack on Professor Jackson."

57. Defendants admit that the quotation in paragraph 57 appears to be a true and correct quotation from the document referenced (ECF No. 1-5 at 22). Defendants further admit that this statement contained a link to the graduate students' statement. Defendants deny that any of these statements were defamatory. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 57.

58. Defendants admit that the quotation in paragraph 58 appears to be a true and correct quotation from the statement sent to the UNT College of Music faculty and staff by Dean Richmond on July 31, 2020. Defendants further admit that an Ad Hoc Review Panel was constituted to conduct the referenced investigation. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 58.

59. Defendants admit that the first quotation in paragraph 59 appears to be a true and correct quotation from the report of the Ad Hoc Review Panel (ECF No. 1-5 at 15). Defendants further admit that Provost Cowley wrote a letter to Plaintiff dated November 30, 2022, which appears to contain the language quoted in paragraph 59 (ECF No. 1-21 at 2). Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 59.

60. Defendants deny the allegations in paragraph 60.

61. Defendants admit that the quotation in paragraph 61 appears to be a true and correct partial quotation from the document referenced (ECF No. 1-22 at 2).

### Answer to Count 1: Violation Of 42 U.S.C. § 1983
### (Board of Regents Defendants Only)

62. Defendants deny the allegations in paragraph 62.

63. Defendants deny the allegations in paragraph 63.

64. Defendants deny the allegations in paragraph 64 and deny that they are liable to Plaintiff for any damages or other relief.

### Answer to Count 2: Defamation
### (All Remaining Defendants)

65. Defendants deny the allegations in paragraph 65.

66. Defendants deny the allegations in paragraph 66.

67. Defendants admit that some Defendants signed a statement that "endorse[d]" the "call for action" outlined in the statement submitted to Dean Richmond by a cross-section of graduate students in the Division of Music History, Theory, and Ethnomusicology. Defendants further admit that the statement signed by some Defendants said that the signatories "stand in solidarity with our graduate students in their letter of condemnation of the *Journal of Schenkerian Studies*." (ECF No. 1-5 at 22.) Defendants deny the remaining allegations in paragraph 67.

68. Defendants deny the allegations in paragraph 68.

69. Defendants deny the allegations in paragraph 69.

70. Defendants deny the allegations in paragraph 70.

71. Defendants deny the allegations in paragraph 71.

72. Defendants deny the allegations in paragraph 72.

73. Defendants deny the allegations in paragraph 73.

74. Defendants deny the allegations in paragraph 74.

75. Defendants deny the allegations in paragraph 75 and deny that they are liable to Plaintiff for any damages or other relief.

### ANSWER TO DEMAND FOR JUDGMENT

76. Defendants deny the allegations in paragraph 76 and deny that they are liable to Plaintiff for any damages or other relief.

**DEFENSES**

Defendants assert the following affirmative and other defenses to which they may be entitled:

1. Plaintiff's claims, in whole or in part, are barred by or otherwise subject to the limitations, restrictions, and requirements of the Texas Citizens Participation Act, Chapter 27 of the Texas Civil Practice & Remedies Code.

2. Plaintiff's claims, in whole or in part, are barred by sovereign immunity.

3. Plaintiff's claims, in whole or in part, fail for lack of standing.

4. Plaintiff's claims, in whole or in part, fail because Plaintiff has failed to state a claim upon which relief may be granted.

5. Any actions taken against Plaintiff by Defendants were based on legitimate, non-discriminatory, and non-retaliatory reasons and were taken without discriminatory or retaliatory animus.

6. Any actions taken against Plaintiff by Defendants were done in good faith and without negligence, malice, willfulness, recklessness, or intent.

7. Defendants would have taken the same actions with respect to Plaintiff regardless of any constitutionally protected speech or conduct in which Plaintiff may have engaged.

8. Plaintiff's own acts or omissions caused or contributed to Plaintiff's injuries, if any.

9. Plaintiff failed to mitigate his damages, if any.

10. Plaintiff's damages, if any, are subject to the applicable damage cap(s).

11. Plaintiff's claims are subject to all applicable statutory limitations, including the exemption of a government, government agency, political subdivision, or other arm of the state from punitive damages.

12. Defendants reserve the right to raise additional affirmative and other defenses as they become apparent in the development of this case.

13. Defendants deny all allegations in the Complaint that have not been specifically admitted.

## JURY DEMAND

Defendants demand a trial by jury. Pursuant to Local Rule CV-38(a), Defendants are also filing a separate jury demand.

## CONCLUSION & PRAYER

Defendants request this Court to enter judgment for Defendants and against Plaintiff, to dismiss Plaintiff's claims with prejudice, to award Defendants their costs, and to grant Defendants such other relief to which they may be entitled.

Respectfully submitted.

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**JAMES LLOYD**
Deputy Attorney General for Civil Litigation

**KIMBERLY GDULA**
Chief, General Litigation Division

　　　*/s/ Benjamin S. Walton*　　　
**BENJAMIN S. WALTON**
*Lead Attorney*
Texas Bar No. 24075241
Assistant Attorney General
General Litigation Division
Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 – Phone
(512) 320-0667 – Fax
benjamin.walton@oag.texas.gov

***Counsel for Defendants***

## CERTIFICATE OF SERVICE

    I hereby certify that on May 15, 2024, a true and correct copy of this document was electronically filed using the Court's CM/ECF system, which will send notification of such filing to the following counsel of record:

Michael Thad Allen, Esq.
ALLEN LAW, LLC
PO Box 404
Quaker Hill, CT 06375
(860) 772-4738 (phone)
(860) 469-2783 (fax)
mallen@allenharrislaw.com

Jonathan Mitchell
MITCHELL LAW PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law

*Counsel for Plaintiff*

                                                           */s/ Benjamin S. Walton*
                                                    **BENJAMIN S. WALTON**
                                                    Assistant Attorney General