UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| TIMOTHY JACKSON, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 4:21-cv-00033-ALM |
| | § | |
| LAURA WRIGHT, et al., | § | |
| | § | |
| *Defendants.* | § | |

---

**DEFENDANTS' OBJECTIONS AND ANSWERS TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION**

---

To: Plaintiff Timothy Jackson, by and through his counsel of record, Michael Thad Allen, ALLEN LAW, LLC, PO Box 404, Quaker Hill, CT 06375.

Defendants serve these Objections and Answers to Plaintiff's First Requests for Admission, pursuant to the Federal Rules of Civil Procedure.

Respectfully submitted.

**KEN PAXTON**
Attorney General

**BRENT WEBSTER**
First Assistant Attorney General

**JAMES LLOYD**
Deputy Attorney General for Civil Litigation

**KIMBERLY GDULA**
Chief, General Litigation Division

　　　/s/ Benjamin S. Walton
**BENJAMIN S. WALTON**
*Lead Attorney*
Texas Bar No. 24075241
Assistant Attorney General
General Litigation Division
Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711
(512) 463-2120 – Phone
(512) 320-0667 – Fax
benjamin.walton@oag.texas.gov

***Counsel for Defendants***

## CERTIFICATE OF SERVICE

    I hereby certify that on May 30, 2024, a true and correct copy of this document was served via e-mail to the following counsel of record:

Michael Thad Allen, Esq.
ALLEN LAW, LLC
PO Box 404
Quaker Hill, CT 06375
(860) 772-4738 (phone)
(860) 469-2783 (fax)
mallen@allenharrislaw.com

Jonathan Mitchell
MITCHELL LAW PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law

*Counsel for Plaintiff*

                                              */s/ Benjamin S. Walton*
                                          **BENJAMIN S. WALTON**
                                          Assistant Attorney General

**DEFENDANTS' OBJECTIONS AND RESPONSES TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION**

**REQUEST 1:** UNT_000506 (attached as Exhibit 1) is a true and accurate copy of a faculty petition signed by Defendants.

**ANSWER:** Denied as stated. Defendants admit that UNT_000506–07 is a true and accurate copy of a statement signed by some of the Defendants named in this lawsuit, including Ellen Bakulina, Andrew Chung, Diego Cubero, Steven Friedson, Rebecca Dowd Geoffroy-Schwinden, Benjamin Graf, Frank Heidlberger, Bernardo Illari, Justin Lavacek, Peter Mondelli, Margaret Notley, April L. Prince, Cathy Ragland, Gillian Robertson, Hendrik Schulze, Vivek Virani, and Brian F. Wright.

**REQUEST 2:** For each of the Individual Defendants listed below, each Individual Defendant signed the faculty petition (Exhibit 1) submitted July 30, 2020 as documented in UNT_000506 (Exhibit 2).

**ANSWER:** Denied as stated. Each of the Defendants named below admits only that he/she signed the statement reflected on UNT_000506–07, a final version of which was circulated on July 30, 2020.

As to ELLEN BAKULINA:

As to ANDREW CHUNG:

As to DIEGO CUBERO:

As to STEVEN FRIEDSON:

As to REBECCA DOWD GEOFFROY-SCHWINDEN:

As to BENJAMIN GRAF:

As to FRANK HEIDLBERGER:

As to BERNARDO ILLARI:

As to JUSTIN LAVACEK:

As to PETER MONDELLI:

As to MARGARET NOTLEY:

As to APRIL L. PRINCE:

As to CATHY RAGLAND:

As to GILLIAN ROBERTSON:

As to HENDRIK SCHULZE:

As to VIVEK VIRANI:

As to BRIAN F. WRIGHT:

**REQUEST 3:** For each of the Individual Defendants listed below, as of July 30, 2020, no Individual Defendant had knowledge of any racist actions committed by Timothy Jackson other than mere speech expressed through publication in the JSS.

**ANSWER:** Defendants object to this request and are unable to answer because it improperly assumes that the Individual Defendants criticized Plaintiff's speech as being "racist," which is not accurate.

As to ELLEN BAKULINA:

As to ANDREW CHUNG:

As to DIEGO CUBERO:

As to STEVEN FRIEDSON:

As to REBECCA DOWD GEOFFROY-SCHWINDEN:

As to BENJAMIN GRAF:

As to FRANK HEIDLBERGER:

As to BERNARDO ILLARI:

As to JUSTIN LAVACEK:

As to PETER MONDELLI:

As to MARGARET NOTLEY:

As to APRIL L. PRINCE:

As to CATHY RAGLAND:

As to GILLIAN ROBERTSON:

As to HENDRIK SCHULZE:

As to VIVEK VIRANI:

As to BRIAN F. WRIGHT:


**REQUEST 4:** For each of the Individual Defendants listed below, as of July 30, 2020, each Individual Defendant had no knowledge of any extortion committed by Timothy Jackson.

**ANSWER:** Defendants object to this request as vague. The term "extortion" is vague and undefined. The term "extortion" does not appear in the statement signed by the Defendants named below, as reflected on UNT_000506–07. Subject to and without waiving the foregoing objections, each of the Individual Defendants listed below admits that they have no knowledge of any extortion committed by Plaintiff.

As to ELLEN BAKULINA:

As to ANDREW CHUNG:

As to DIEGO CUBERO:

As to STEVEN FRIEDSON:

As to REBECCA DOWD GEOFFROY-SCHWINDEN:

As to BENJAMIN GRAF:

As to FRANK HEIDLBERGER:

As to BERNARDO ILLARI:

As to JUSTIN LAVACEK:

As to PETER MONDELLI:

As to MARGARET NOTLEY:

As to APRIL L. PRINCE:

As to CATHY RAGLAND:

As to GILLIAN ROBERTSON:

As to HENDRIK SCHULZE:

As to VIVEK VIRANI:

As to BRIAN F. WRIGHT:

**REQUEST 5:** Timothy Jackson was never found responsible for any Title IX violations against any UNT faculty member.

**ANSWER:** The Individual Defendants object to this request and are unable to answer it because this information is confidential by law and known only to the university. *See, e.g.*, Tex. Educ. Code § 51.971(c). The Official Defendants (i.e., those sued in their official capacities at UNT) admit this request.

**REQUEST 6:** Timothy Jackson was never found responsible for any Title IX violations against any UNT staff.

**ANSWER:** The Individual Defendants object to this request and are unable to answer it because this information is confidential by law and known only to the university. *See, e.g.*, Tex. Educ. Code § 51.971(c). The Official Defendants (i.e., those sued in their official capacities at UNT) admit this request.

**REQUEST 7:** Timothy Jackson was never found responsible for any Title IX violations against any UNT student.

**ANSWER:** The Individual Defendants object to this request and are unable to answer it because this information is confidential by law and known only to the university. *See, e.g.*, Tex. Educ. Code § 51.971(c). The Official Defendants (i.e., those sued in their official capacities at UNT) admit this request.

**REQUEST 8:** The editorial board of the JSS was never reconstituted after November 25, 2020.

**ANSWER:** Defendants object to this request as vague. Defendants are unable to admit or deny this request because the term "reconstituted" is vague and undefined. Subject to and without waiving the foregoing objections, Defendants admit that some of the previous members of the JSS's editorial board resigned from that position between November 25, 2020 and the present, but Defendants are unable to admit or deny that this "reconstituted" the editorial board.

**REQUEST 9:**  For each member listed below of the so-called "Ad Hoc Panel," no member considered the internal correspondence of the JSS editorial staff that addressed the JSS's work on Volume 12 (which Plaintiff Timothy Jackson disclosed to the so-called "Ad Hoc Panel" on October 17, 2020 (UNT_002645, UNT_002649-UNT_002782, attached as Exhibit 3) in composing the "Report of Review of Conception and Production of Vol. 12 of the Journal of Schenkerian Studies" (dated November 25, 2020 (UNT_000171-000223, attached as Exhibit 4)).

**ANSWER:**  Denied as stated.  Defendants further object to this request as vague.  For example, the term "so-called" is vague, undefined, and argumentative.  Defendants also object to this request because it seeks information regarding the thought processes of individuals who are not parties to this case.  Defendants were not on the referenced panel.

At to JOHN ISHIYAMA:

As to JINCHENG DU:

As to JENNIFER WALLACH:

As to FRANCISCO GUZMAN:

As to MATTHEW LEMBERGER-TRUELOVE:

**REQUEST 10:**  The so-called "Ad Hoc Panel" never met virtually to discuss the documents disclosed by Plaintiff Timothy Jackson on October 17, 2020 (Exhibit 3) concerning the JSS editorial staff's internal workings on Volume 12 of the JSS.

**ANSWER:**  Denied as stated.  Defendants further object to this request as vague.  For example, the term "so-called" is vague, undefined, and argumentative.  Defendants also object to this request because it seeks information regarding the thought processes and activities of individuals who are not parties to this case.  Defendants were not on the referenced panel.

**REQUEST 11:**  The so-called "Ad Hoc Panel" never met in person to discuss the documents disclosed by Plaintiff Timothy Jackson on October 17, 2020 (Exhibit 3) concerning the JSS editorial staff's internal workings on Volume 12 of the JSS.

**ANSWER:**  Denied as stated.  Defendants further object to this request as vague.  For example, the term "so-called" is vague, undefined, and argumentative.  Defendants also object to this request because it seeks information regarding the thought processes and activities of individuals who are not parties to this case.  Defendants were not on the referenced panel.

**REQUEST 12:** The so-called "Ad Hoc Panel" did not discuss the documents disclosed by Plaintiff Timothy Jackson on October 17, 2020 (Exhibit 3) concerning the JSS editorial staff's internal workings on Volume 12 of the JSS.

**ANSWER:** Denied as stated. Defendants further object to this request as vague. For example, the term "so-called" is vague, undefined, and argumentative. Defendants also object to this request because it seeks information regarding the thought processes and activities of individuals who are not parties to this case. Defendants were not on the referenced panel.

**REQUEST 13:** Prior to November 25, 2020, the UNTP never required the JSS to abide by COPE standards.

**ANSWER:** Defendants object to this request as vague, irrelevant, overly broad, and unduly burdensome. Defendants are unable to admit or deny this request because the phrase "COPE standards" is vague and undefined. Subject to and without waiving the foregoing objections, the Official Defendants (i.e., those sued in their official capacities at UNT) and Defendant Benjamin Graf admit that the UNTP does not impose or enforce any standards on journals for how they are to select, review, or edit their subject matter for publication.

**REQUEST 14:** Prior to November 25, 2020, the UNTP never required the Journal Theoria to abide by COPE standards.

**ANSWER:** Defendants object to this request as vague, irrelevant, overly broad, and unduly burdensome. Defendants are unable to admit or deny this request because the phrase "COPE standards" is vague and undefined. Subject to and without waiving the foregoing objections, the Official Defendants (i.e., those sued in their official capacities at UNT) and Defendant Frank Heidlberger admit that the UNTP does not impose or enforce any standards on journals for how they are to select, review, or edit their subject matter for publication.

**REQUEST 15:** Prior to November 25, 2020, the UNTP never imposed the COPE standards on any journal that it published.

**ANSWER:** Defendants object to this request as vague, irrelevant, overly broad, and unduly burdensome. Defendants are unable to admit or deny this request because the phrase "COPE standards" is vague and undefined. Further, Defendants are also unable to admit or deny this request because it seeks a blanket admission regarding a university press that has existed for decades.

**REQUEST 16:**  Prior to November 25, 2020, UNT had never disciplined any journal editor for alleged failure to abide by the standards of COPE.

**ANSWER:**  Defendants object to this request as vague, irrelevant, overly broad, and unduly burdensome.  Defendants are unable to admit or deny this request because the phrase "standards of COPE" is vague and undefined.  Further, Defendants are also unable to admit or deny this request because it seeks a blanket admission regarding a university that has existed since the late nineteenth century.

**REQUEST 17:**  Prior to November 25, 2020, UNT had never once investigated any journal editor for alleged failure to abide by the standards of COPE.

**ANSWER:**  Defendants object to this request as vague, irrelevant, overly broad, and unduly burdensome.  Defendants are unable to admit or deny this request because the phrase "standards of COPE" is vague and undefined.  Further, Defendants are also unable to admit or deny this request because it seeks a blanket admission regarding a university that has existed since the late nineteenth century.

**REQUEST 18:**  The student petition submitted by the UNT graduate students in the Division of Music History, Theory, and Ethnomusicology to Dean John Richmond and signed by 27 graduate students is UNT_001168-001170 (attached as Exhibit 5).

**ANSWER:**  Denied as stated.  Defendants admit that a cross-section of graduate students in the Division of Music History, Theory, and Ethnomusicology submitted to Dean Richmond a statement signed by 27 individuals, a true and correct copy of which statement is reflected on UNT_001168–70.

**REQUEST 19:**  Defendant Rachel Gain signed the student petition Exhibit 5 submitted by the UNT graduate students in the Division of Music History, Theory, and Ethnomusicology to Dean John Richmond.

**ANSWER:**  Denied as stated.  Defendants admit that Defendant Rachel Gain was one of the individuals who signed a statement submitted to Dean Richmond by a cross-section of graduate students in the Division of Music History, Theory, and Ethnomusicology, a true and correct copy of which statement is reflected on UNT_001168–70.

**REQUEST 20:**  For each of the Individual Defendants (with the exception of Rachel Gain), each Individual Defendant endorsed the "call to action" in the student petition submitted by the UNT graduate students in the Division of Music History, Theory, and Ethnomusicology to Dean John Richmond and signed by 27 graduate students (Exhibit 5) in the faculty petition submitted July 30, 2020 (Exhibits 1 and 2).

**ANSWER:**  Denied as stated.  Each of the Defendants named below admits that the statement reflected on UNT_000506–07, a final version of which was circulated on July 30, 2020, "endorse[d] the call for action outlined in" the statement submitted to Dean Richmond by a cross-section of graduate students in the Division of Music History, Theory, and Ethnomusicology, a true and correct copy of which statement is reflected on UNT_001168–70.

As to ELLEN BAKULINA:

As to ANDREW CHUNG:

As to DIEGO CUBERO:

As to STEVEN FRIEDSON:

As to REBECCA DOWD GEOFFROY-SCHWINDEN:

As to BENJAMIN GRAF:

As to FRANK HEIDLBERGER:

As to BERNARDO ILLARI:

As to JUSTIN LAVACEK:

As to PETER MONDELLI:

As to MARGARET NOTLEY:

As to APRIL L. PRINCE:

As to CATHY RAGLAND:

As to GILLIAN ROBERTSON:

As to HENDRIK SCHULZE:

As to VIVEK VIRANI:

As to BRIAN F. WRIGHT:

**REQUEST 21:**  The student petition submitted by the UNT graduate students in the Division of Music History, Theory, and Ethnomusicology to Dean John Richmond (Exhibit 5) was incorporated by reference into the faculty petition submitted July 30, 2020 by Defendant Rebecca Geoffroy-Schwinden (Exhibits 1 and 2).

**ANSWER:**  Denied.

**REQUEST 22:**  For each of the Individual Defendants who signed the faculty petition (see Exhibits 1 and 2), each Individual Defendant endorsed the accusation that Timothy Jackson had committed the crime of "extortion" as stated in the student petition submitted by the UNT graduate students in the Division of Music History, Theory, and Ethnomusicology to Dean John Richmond.

**ANSWER:**  Denied.

As to ELLEN BAKULINA:

As to ANDREW CHUNG:

As to DIEGO CUBERO:

As to STEVEN FRIEDSON:

As to REBECCA DOWD GEOFFROY-SCHWINDEN:

As to BENJAMIN GRAF:

As to FRANK HEIDLBERGER:

As to BERNARDO ILLARI:

As to JUSTIN LAVACEK:

As to PETER MONDELLI:

As to MARGARET NOTLEY:

As to APRIL L. PRINCE:

As to CATHY RAGLAND:

As to GILLIAN ROBERTSON:

As to HENDRIK SCHULZE:

As to VIVEK VIRANI:

As to BRIAN F. WRIGHT: